## Hodsdon *vs.* Wilkins.

In an action of the case against an officer for not serving an execution, the jury are to allow the plaintiff such damages only as he has sustained by the breach of duty; unless the neglect was wilful, with a view to injure the plaintiff; in which case they are to allow him his whole debt.

A promise by a third person to indemnify an officer for neglecting his duty in the service of a precept, being founded in an illegal consideration, is void.

It therefore does not disqualify the promissor from being a witness for the officer, in a suit brought against him for such breach of duty.

This was an action of the case against the sheriff, for the neglect of one of his deputies in not making service of an execution.

At the trial before *Parris J.* it was proved, by the confessions of the deputy, that he might have arrested the debtor, and once had him in custody; but that relying on the assurances of a friend of the debtor, who promised to see him harmless, he suffered the execution to run down; acknowledging that it was right that he should pay it himself, for having neglected to collect it. It was not returned till after the commencement of this suit.

It appeared that the debtor was a young man, of good health, and regularly bred to a lucrative calling; but was destitute of property, deeply insolvent, and unable to obtain credit even for his board; and that he had removed from this county to *Kennebec.*

In the course of the trial the defendant offered as a witness the person to whom the officer alluded as having promised to save him harmless; to whose competency the plaintiff's counsel objected, on the score of the interest thus created; and proceeded to examine him to that point on the *voir dire;* but the witness denying any such interest, and stating that he had no conversation with the officer till after the return day of the execution, he was admitted to testify.

The judge instructed the jury, in substance, that as the debtor was still within the State, they should find for the plaintiff only the actual damages which he had sustained; unless the neglect of the officer was with intent to injure the plaintiff, or to delay him in the col-

15

Hodsdon *v.* Wilkins.

lection of his debt, or to show improper indulgence to the debtor. If the plaintiff might now obtain his debt with no greater difficulty than before, his damages would be merely nominal. But if the officer had conducted with the improper intent above mentioned, their verdict ought to be for the whole amount due to the plaintiff. The júry returned a verdict for nominal damages only ; which was taken subject to the opinion of the court upon the admissibility of the witness, and upon the correctness of the judge's instructions.

*Williamson,* for the plaintiff, argued against the admissibility of the witness, on the ground that the officer himself had confessed that he was interested in the event of the suit ; and cited *Pierce v. Chase,* 8 *Mass.* 487. He further contended that the officer was bound to do all the duty he undertook to perform, at the peril of sustaining all the responsibilities of the debtor whom he had protected by his neglect ; 4 *Stark. Ev.* 970 ; *Sanches v. Davenport,* 6 *Mass.* 261 ; and that his intent, in the view taken of it by the judge, had no relation to the cause ; the only question being whether he had done his duty or not.

*Kent,* on the other side, was stopped by the Court ; whose opinion was delivered by

WESTON J. No objection has been urged in argument, by the counsel for the plaintiff, to the instructions of the judge who presided at the trial, on the question of damages. The jury were directed to allow to the plaintiff such damages only as he had sustained, by the breach of official duty complained of ; unless the neglect of the deputy was wilful, with a view to injure the plaintiff ; in which case, they were to allow him the whole amount of his execution. We perceive nothing in these instructions, tending to impair the plaintiff's legal rights.

Without going into the consideration, how far the plaintiff's counsel, having examined the witness as upon the *voir dire,* with a view to show him incompetent on the ground of interest, and he having denied and disclaimed all interest, is precluded from resorting to, or relying upon, other modes of proving it, and taking the admissions and declarations of the deputy to have been true ; we are of opin-

ion that they do not establish any legal interest in the witness. There was no privity between him and the plaintiff. It does not appear that he had any right to direct or control the proceedings of the officer. The latter says the witness told him not to do that, which his precept and his duty to the plaintiff required, and he would save him harmless. This then was a promise, if made, founded on an illegal consideration; namely the violation of official duty on the part of the officer. It is void in law; and no action can be sustained upon it against the witness, who must therefore, notwithstanding such promise, be regarded as competent and admissible.

*Judgment on the verdict.*