By the Court,

Cowen, J.
Admitting the discharge to have been lawful, the third count is clearly bad. It represents the defendant a mere volunteer on a past consideration, a discharge from the attachment without his request, 1 Chitty’s PI. 263, ed. of 1823; and the cases there cited, and for the exclusive benefit of a third person, promising to indemnify the sheriff. It is true we must intend that this promise was in writing; but written or unwritten, being a mere nudum pactum, there is neither principle nor authority in the law which goes in the least to sustain it.
The first and second counts are good, provided the sheriff acted lawfully in discharging the defendant’s father, on the representation that the attachment had wrongfully issued. Neither count alleges any thing more in substance, though according to the allegation in the first, the defendant added that the costs had been paid. In either case, the question is, *190 whether the sheriff was authorized on any mere representati°n of the defendant to disobey the process of the law ?
Were the question one of mere civil right respecting a matter collateral to the writ, like the taking of property under a fieri facias supposed to be sold by the execution debtor in order to defraud his creditors, I should not be disposed to deny that a promise of indemnity would be valid, where the sheriff, as he is alleged to have done in this instance, had acted in good faith. Placket v. Gresham, 3 Salk. 75. Yet it requires no effort to see that such a case would be very different from his taking the word of the defendant’s son, or any other person, that there is error or irregularity in the process itself, and sitting in judgment upon the act of his superiors, and determining the question whether the ^command in the writ shall be obeyed or disobeyed. Scott v. Shaw, 13 Johns. R. 378. Hinman v. Brees, id. 529. A wilful disobedience, even to the civil process of the court, is such an abuse as would not only subject the sheriff to punishment as for a contempt but to an indictment. It is a violation of his oath of office. The question is whether he could escape such a consequence, because some one tells him that there is some where a secret vice in the line of proceedings, by which the writ may be avoided. Would any court listen to such a defence for a moment 1 Even if the allegation were true, it could not be set up and inquired into collaterally. The writ would be holden valid until set aside by the authority from which it emanated. Hinman v. Brees, 13 Johns. R. 529, 531. Per Van Ness, J. in Cable v. Cooper, 15 id. 152 Jones v. Cook, 1 Cowen, 309.
Indeed, it was held in this very matter on an action for the escape, that it was no defence for Webbers to say that the attachment was irregular, because the debt had been paid or discharged, and Mr. Justice Nelson cited several authorities to that point. Ames v. Webbers, 8 Wendell, 545, 547.
It follows, then, that this promise is void, on the ground of public policy. It is said in Placket v. Gresham, 3 Salk. 75, “ Where a sheriff takes a bond as a reward for doing a thing, ’tis void, for it may be to warrant him in the breach of his duty.” At common law, he could not even refuse to execute process till his fees were paid, and if he did? he was *191 held indictable for extortion; and this was said both of a ca. sa. and a fi.fa. Hescott’s case, 1 Salk. 330. Anon. id. 331, case 5. In the Queen v. Belwood, 11 Mod. 80, the sheriff was held indictable for a voluntary escape of one committed to ward under the warrant of a justice of the peace. Allowing sheriffs to grant the indulgence claimed in the case at bar, besides being a disobedience of the writ, would lead to all manner of extortion as in old times, and before the passing of the act 23 Hen. 6, against taking bonds colore officii. This may be seen in the vivid picture of practices which is given by Montague, C. J. in Dive v. Maningham, Plowd. Cow. 67 ; at page 68, he considers the taking of indemnities against escapes as extortion. The question there was upon a bond taken by a sheriff for a prisoner’s appearance on an execution ; and the chief justice s ays, the prisoner not being bailable, the sheriff took the bond unduly, and colore officii sui, which is always taken in malam partem, and signifies an act badly done under the countenance of an office, and it bears a dissembling visage of duty, and is properly called extortion. “ Wherefore,” he adds, “ here, inasmuch as the obligation was made for the deliverance of T. M„ who was in the custody of the plaintiff as officer, it cannot be denied but that he took the obligation for his deliverance colore officii.” And what is our own statute on the subject, 2 R. S. 214, § 60, 2d ed. ? It is, that “ no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner than such as are provided by law ; and any such bond, obligation or security, taken otherwise than as herein directed, shall be void.” This statute is even much broader, both as to subject matter and persons, than the 23 Hen. 6, which may be seen recited at large and much commented upon in Dive v. Maningham. There are also several cases in this court which hold, that any security taken by the sheriff out of the regular course of the execution will be void. Orange County Bank v. Wakeman, 1 Cowen, 46, 7, and cases cited in note (a) there. Mumford v. Armstrong, 4 id. 553. This is not the case of taking a security with the assent of the plaintiff in the writ, or which is the same thing, where the *192 plaintiff adopts a security taken without his original assent, as ! . _ J " ’ in Armstrong v. Garrow, 6 Cowen, 465. In Mosdel v. Midleton, 1 Ventr. 237, it is said a sheriff cannot take a bond from a prisoner even for his fees, because it would give him an opportunity to extort.
There can be no doubt that the promises declared on were merely void, on the plaintiff’s own showing.
Judgment for defendant.