McCartney *v.* Shepard.

McCARTNEY, Respondent, *vs.* SHEPARD, Appellant.

21 573
61a 226
21 573
136 473
21 573
73a 596
21 573
173 1248

1. Where general objections only are made to the reception of transcripts of judgments, &c., in evidence, the party objecting giving no reason for the alleged incompetency, and making no specific objection : *held,* that the evidence offered should be received. The supreme court will not search through a long record or through any other instrument offered in evidence, to see if, possibly, there may not be some objection to its admission which might have been well taken.
2. A promise to indemnify an officer for selling on execution, property claimed by the defendant in the execution to be exempt, by law, from seizure and sale on execution, is good, and that, too, although not in writing. (SCOTT, J., dissenting : holding that the officer being prohibited by law from selling the furniture and bedding of the head of a family, any contract to indemnify and save the officer harmless from making such a sale is void.)

*Appeal from St. Louis Law Commissioner's Court.*

The facts are fully set forth in the opinion of the court.

*S. A. Holmes,* for appellant. 1. The two justice's transcripts were improperly admitted, not being duly certified. 2. There was no consideration to support a promise of indemnity. 3. The alleged verbal promise, if any was made, is within the statute of frauds. 4. The plaintiff was not entitled to recover without showing a bond from the defendant. It appears that, in point of fact, a bond was given to the plaintiff's principal, Maxwell. 5. The plaintiff was not, in any event, entitled to recover, without showing that the property levied upon was exempt from levy and sale.

*R. S. Voorhis,* for respondent. The promise of a creditor or person interested, to indemnify an officer against the consequences of an improper levy and sale, has always, in cases like the present, been upheld. So also the promise of a mere stranger. (2 Saund. Pl. & Ev. 577 ; 2 Croke's R. 652 ; 2 L. Raym. 278 ; 2 Dow & Cl. 288 ; 2 Speers, 19 ; 3 Ired. 538 ; 7 Barr, 206 ; 4 Mass. 63 ; 18 Maine, 79 ; 2 Pick. 284 ; 14 Pick. 332 ; 9 Humph. 178 ; 12 Mod. 178 ; 5 Pick. 380 ; 7 Mass. 123.) The record in the case of *Atkinson* v.

*Thomas McCartney* is evidence sufficient to show that Atkinson's goods were exempt from execution, if it were necessary to show that fact. (6 Johns. 158 ; 5 Pick. 380 ; 12 Mass. 166 ; 1 Wend. 145 ; 17 Maine, 372 ; 23 Pick. 401 ; 5 Pick. 380 ; Chit. on Cont. 30.) The judgment against McCartney, in favor of Atkinson, is evidence as to the amount McCartney was damnified, and Shepard having had notice of the suit of Atkinson *vs* McCartney, and having appeared by attorney, it is conclusive upon him. (1 Wend. 143, 146 ; 7 Johns. 168.)

RYLAND, Judge, delivered the opinion of the court.

This was a suit by McCartney against Shepard, upon a promise made by Shepard to the plaintiff, to indemnify him against selling property under execution. McCartney was acting as deputy constable.

The petition sets forth that two executions were issued by proper authority, on two judgments obtained in suits instituted by the defendant, Shepard, in behalf of Alexander Kayser and Nathaniel Holmes, trustees of Mary Malinda Hill, against John Atkinson, before a justice of the peace ; that these executions were issued by the justice, and directed to Samuel Maxwell, constable ; that the plaintiff, McCartney, under and by virtue of said writs and authority by said constable to him, as deputy of said constable, was about to levy upon certain goods and chattels, as the property of said Atkinson, liable to be taken in execution, when the said Atkinson claimed the said goods to be exempt from execution ; that the plaintiff refused to levy on the goods without an indemnity from the defendant, who was the agent of the plaintiff in the execution ; that thereupon the defendant, in consideration that the plaintiff, at the defendant's request, would levy upon and sell the goods and chattels of the said Atkinson, undertook and promised and agreed to indemnify the plaintiff, and save him harmless from all loss and damage which he might sustain in consequence thereof ; that the plaintiff, confiding in the defendant's prom-

ise, did seize upon the goods and chattels of said Atkinson, which were pointed out to him by the defendant, and did sell so much thereof as satisfied the judgments and executions aforesaid.

The plaintiff farther states that afterwards Atkinson brought suit against him in the law commissioner's court, by reason of the premises, in an action of trespass, for taking and carrying away the goods and chattels aforesaid, under and by virtue of the said executions; that such proceedings were thereupon had; that the said Atkinson, on the 16th day of May, A. D. 1851, in the said court, recovered judgment against the plaintiff for taking and selling the said goods and chattels as aforesaid, for the sum of $100, the value of the goods, and $47 10 costs. By means of which said several premises the plaintiff was bound to pay, and did pay and satisfy, the said sums of money so recovered against him; of all which premises the defendant had notice, yet he has wholly failed to indemnify the plaintiff, and still refuses so to do, to the damage of the plaintiff of $150.

The defendant files his answer to this petition, in which he states that it is not true that two suits were instituted by him at the time stated before said justice against said Atkinson, or that two judgments were obtained by him as in said petition mentioned—denies that any executions were issued in his favor against said Atkinson, or that the plaintiff acted under the authority of any such executions, or that any levy thereof was made by plaintiff. Defendant denies that he ever became bound, undertook and promised the plaintiff to indemnify him for the consideration mentioned in his petition, or for any other, against any loss or damage which he might sustain in consequence of the levying of the said executions, or either of them, upon the supposed property of the said Atkinson. Defendant further says that, as to the recovery of any judgment by said Atkinson against the plaintiff, he has no knowledge of his own sufficient to form a belief, nor as to the time when, in what court, for what amount, nor upon what cause of action, nor

whether any such supposed judgment was recovered by due process of law, and without defence of plaintiff; nor whether the plaintiff has satisfied and paid any such judgment and costs, and requires strict proof of such matters. He denies that the plaintiff has been damaged in the sums by him alleged, or in any sum, and denies that he is entitled to any judgment.

The trial was had by the court without a jury, and the court found the facts as follows: " That in the month of November, 1850, two suits were instituted before Joseph S. Hull, Esq., then a justice of the peace within and for St. Louis county, by the said defendant, acting as the agent and in the name of Alexander Kayser and Nathaniel Holmes, trustees of Mary Malinda Hill, against one John Atkinson; that two judgments were obtained against the said Atkinson in said suits; that executions were issued thereon, by the said justice, directed to one Samuel Maxwell, a constable of St. Louis township, and delivered to plaintiff, who was deputy for said Maxwell, to be executed.; that defendant requested the plaintiff to levy upon and sell the goods and chattels of said Atkinson, then in the house of said Atkinson, to satisfy both executions, alleging that the said Atkinson was not the head of a family, and that he, the defendant, would indemnify him against any loss he might sustain by reason of the levy and sale; thereupon, in pursuance of defendant's request, he levied upon the said Atkinson's property and it was afterwards sold to satisfy the said executions; that in April, 1851, the said John Atkinson instituted an action against the said plaintiff, in the law commissioner's court, because of the levy and sale of his said property, alleging the said plaintiff was guilty of a trespass in that behalf, which said action was prosecuted to final judgment against plaintiff, and he was adjudged to pay one hundred dollars and the costs of said suit, which amounts to $50 10, which judgment and costs were paid by said plaintiff, on the 24th June, 1851." Upon these facts the court declared the law to be in favor of the plaintiff, and rendered judgment for him accordingly.

The defendant filed his motion for review, setting out all the evidence. This motion was overruled and excepted to, and the defendant brings the case here by appeal.

The finding of the facts by the court supports the allegations in the plaintiff's petition, and the facts found warrant the judgment rendered thereon.

The only questions in the case arise upon the evidence. If the evidence be competent and will warrant the finding, the judgment must be affirmed.

The defendant objected to the admission in evidence of the transcripts of the two judgments before the justice of the peace, and also of that before the law commissioner, in which Atkinson was plaintiff and the present plaintiff was defendant. These objections are not stated on the record, nor can we see what they were. The record shows that the plaintiff offered the following transcript (which is copied into the record, and is one of the exhibits annexed to plaintiff's petition, and which, by the reference, this court finds to be the transcript of the judgment before Joseph S. Hull, in favor of Kayser and Holmes, trustees for Hill vs. Atkinson, mentioned in the petition of plaintiff). The defendant objected ; his objections were overruled, and he excepted. The same entry is made in regard to the objection to the other two records. These objections are entitled to no weight. The courts should not listen to such general and wholesale objections. If the party objecting to the admission in evidence of transcripts of judgments, exemplifications of records, or of depositions, or other such matters, chooses to content himself by a general objection, then the court should admit such evidence. This court will not search through a long record, or through any other instrument offered in evidence, to see if there may not possibly be some objection to its admission which might have been well taken ; nor will we impose that duty on the inferior courts. Let the objecting party specifically point out the causes or defects for which he objects, then the courts will take notice of them ; otherwise they cannot

and should not. Such has been the practice of this court for many years, and we will not disturb it.

There was, then, properly before the court the evidence founded on these three transcripts. The oral testimony set out in the bill of exceptions proves the promise to indemnify, and the consequent acts of the plaintiff upon that promise which rendered him liable, and ultimately subjected him to the payment of damages to the injured person.

The promise is good and binding, and has sufficient consideration ; the promise need not be in writing—need not be evidenced by any written instrument.

Had the plaintiff proved that he had given notice to Shepard of Atkinson's suit, then the judgment would have been conclusive evidence against the defendant ; but, as it is, it is only *prima facie* evidence, and may be rebutted. It is only *prima facie* evidence that the goods and chattels sold by the plaintiff at the instigation and upon the defendant's promise of indemnity, were not liable to execution; and that the act of the plaintiff, as deputy constable, was tortious. But this *prima facie* evidence will, unrebutted, become as good as any evidence, and will sustain the judgment of the court below. In such cases as this, any gain to the promisor or loss to the promisee, however trifling, is sufficient consideration to support an express promise.

" Nor is it necessary that the consideration should exist at the time of making the promise ; for, if the person to whom a promise is made should incur any loss, expense, or liability in consequence of the promise, and relying upon it, the promise thereupon becomes obligatory. " ( *Train* v. *Gold*, 5 Pick. 380. ) The evidence in this case would warrant the finding that Shepard had notice of the suit of Atkinson *vs.* McCartney, but it is not necessary to prove that notice was actually given in order to render the judgment admissible in this case. Had the notice been actually given, then the judgment would have been conclusive evidence ; but without the notice, it is

only *prima facie.* Authorities can be found which would reject the judgment altogether, without notice; but we think it most rational and most conducive to the promotion of justice and right between parties, to let such judgments be given in evidence.

Upon the whole case, it is the opinion of a majority of this court, that the judgment below should be affirmed; therefore, Judge Leonard concurring, it is affirmed.

SCOTT, Judge. In my opinion, the contract of Shepard to indemnify the constable was void, inasmuch as the effect of it was to save him harmless from the doing of an act which was forbidden by law. The statute prohibits an officer from selling under execution the furniture and bedding of the head of a family. If an officer is allowed to take an indemnity for violating this statute, the law exempting from execution certain property of the debtor, will be defeated and cease to be a protection to the unfortunate class for whose benefit it was entered. The officer, prompted by a desire to make his fees, when indemnified, will not fail to levy his writ, and take the property forbidden by law, as was done in this case. The property of the debtor prompts the creditor to indemnify, as he sees that the sale will effectually break him up, and hopes that the blow he strikes will so disable him that he will not have the means of prosecuting a suit. But if the head of the family should be able to sue, and should recover, he, with his family, must in the meantime have undergone all the privations from which he was designed to be protected by the law. The only way to secure those for whose benefit the exemption was made, is to let the officer know that any indemnity he may take to violate an express law, shall be void in his hands, and that he shall maintain no suit upon it.

The law relating to indemnifying bonds given to an officer for selling under execution property claimed by another, furnishes no pretext whatever in support of the legality of this contract. In the one case, the indemnity is for doing an act

which the law tolerates ; in the other, it is for doing an act. which is expressly forbidden.

In my opinion, the judgment ought to be reversed.