Fretland v. Mack.

FRETLAND v. MACK.

Equity : CANCELLATION OF NOTE AND MORTGAGE : FAILURE OF CONSIDERATION. Plaintiff and H. owed a judgment which was a lien on H.'s land. H. conveyed the land to defendant, who agreed, as part of the consideration, to pay this judgment. Defendant did pay it, but took an assignment of it to himself, and was about to enforce it by execution against plaintiff, when plaintiff, ignorant of the foregoing facts, in order to save his property from execution, made his note and chattel mortgage to defendant for the amount of the judgment. *Held* that a court of equity should enter a decree cancelling the note and mortgage, as having been given without consideration, and enjoining defendant from attempting to transfer or enforce them.

*Appeal from Mitchell District Court.*—HON. G. W.
RUDDICK, Judge.

FILED, DECEMBER 22, 1888.

ACTION to cancel certain notes and a mortgage
securing their payment, on the ground that the debt
for which the securities were given had been paid. Upon
a trial on the merits the district court dismissed
plaintiff's petition, and entered a decree upon
defendant's cross-petition, foreclosing the mortgage.
Plaintiff appeals.

*J. H. Sweney*, for appellant

*J. F. Clyde* and *W. L. Eaton*, for appellee.

BECK, J.—I. The plaintiff alleges in his petition,
among other things, that in 1877 he became surety upon
a promissory note executed by Haugen to Hays for
money borrowed. In the same year a judgment was
entered upon the note against Haugen and plaintiff,
which became a lien upon land owned by Haugen. In
1878 Haugen conveyed the land, in consideration of
eighteen hundred dollars, to defendant, which was
paid by defendant's assuming and agreeing to pay certain
liens on the land, and, among them, the judgment
against plaintiff and Haugen, above referred to,
and the satisfaction of a note and mortgage, held by
defendant against Haugen. In addition to the discharge
of these liens, defendant agreed to pay the sum of one
hundred dollars cash. In the same year Haugen left
the state. The next year defendant paid the judgment
to Hays, and caused it to be assigned to himself. In
1885 defendant caused execution to be issued on the
judgment, and was threatening and proceeding to
enforce the same against plaintiff's property. Plaintiff,
having no knowledge or information of the facts just
stated, in order to save his property from execution,
executed a note and chattel mortgage to defendant for

the amount of the judgment. Plaintiff, alleging that it is inequitable for defendant to enforce the note and chattel mortgage, prays that a decree may be entered, cancelling them, as well as enjoining defendant from attempting to transfer or enforce them. Defendant denies the allegations of the petition. Other matters pleaded by both parties need not be recited.

II. The facts pertaining to the recovery of the original judgment, its assignment to defendant, his attempt to enforce it, and the execution of the note and chattel mortgage to defendant, are not disputed. Defendant's counsel insist that there is no legal evidence showing that plaintiff was a surety on the note given by Haugen and plaintiff to Hays. We need not, in the view we take of the case, determine this question of fact. It is not denied that plaintiff was a party to the note with Haugen, and they were at least jointly and severally liable thereon. It cannot be doubted that, if so liable, the judgment on the note could not have been enforced against plaintiff, if it had been paid by Haugen as claimed by them. If defendant agreed to pay the judgment as a part consideration for the land, plaintiff ought not in equity to be required to again pay the debt, and defendant's efforts to compel him to pay are fraudulent, and he will be enjoined from attempting to collect the note and chattel mortgage, and they will be cancelled. The case turns upon the decision of the question of fact suggested by this statement. Haugen testifies positively that the payment of this Hays judgment was to be a part of the consideration for the land, and that defendant agreed to pay it. This evidence is direct, and intelligently given. Defendant, with equal positiveness, contradicts Haugen; but we think that Haugen is corroborated to some extent by the attorney of Hays, who testifies to conversations had with defendant in regard to the transaction. From these conversations the witness had the understanding that defendant had agreed to pay the judgment. Indeed, the inference is authorized to be drawn from this testimony that defendant had agreed to pay this judgment. He admits that

he agreed to pay other liens; but as to this gives the poor excuse that he had no knowledge of the existence of the judgment, when in fact it had been rendered for some months. He knew of the other liens, and it is strange indeed if he had no actual notice of the Hays judgment. He does not explain why he agreed to pay other liens, and did not undertake to pay all liens on the land. Haugen received in cash one hundred dollars only. The farm was estimated to be worth eighteen hundred dollars. That was the consideration to be paid by defendant as stated in the deed. Defendant does not explain why the judgment against plaintiff was not to be satisfied further than by the statement that he had no knowledge of its existence, which we cannot credit. His statements are to the effect that he paid about one hundred dollars more for the land than the consideration expressed in the deed. That at least shows his want of accuracy in his evidence. We reach the conclusion that the preponderance of the evidence supports plaintiff's allegation to the effect that the Hays judgment was to be paid by defendant. As between the parties, the note and chattel mortgage are without consideration, for the reason that they were given for a debt which had been paid. Under the facts of the case the plaintiff may show and rely upon the failure of consideration to defeat the note and chattel mortgage. The judgment of the district court is reversed and a decree will be entered, at plaintiff's option, in this court, granting him the relief prayed for in his petition. If plaintiff elects to have the cause remanded for judgment in the court below, it will be so ordered.

REVERSED.