BENJAMIN F. THORNTON, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 10, 1890.

1.  **Rewards:** POLICE OFFICERS NOT ENTITLED TO. It is an ancient principle of the common law, steadily adhered to, that a public officer ought not to take money for doing his duty. Therefore, a police officer cannot recover a private reward for the arrest of an offender when it is his duty, as such officer, to make such arrest ; and this, too, it would seem, whether the law provided any special compensation for such service or not.

2.  **Officer:** PER DIEM PAID BY DEFENDANT. The plaintiff in this case *held* to be an officer of the city of Sedalia, though his *per diem* was paid by the defendant.

3.  **Reward:** PROSECUTION : CONVICTION. The law of this state devolves upon its prosecuting attorneys, after a criminal has been arrested, the duty to take charge of the prosecution, and the plaintiff's claim in this case, so far as it relates to the subsequent conviction, has no merit.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

REVERSED.

, *Wm. S. Shirk,* for appellant.

It was error to give plaintiff's fourth instruction,
and to refuse to give defendant's first and third instruc-
tions. It stands admitted that, at the time of the
arrest, plaintiff was a policeman of the city of Sedalia,
appointed by the mayor and regularly sworn in ; that it
was made his special duty to arrest trespassers against
the railway company's property, and that he was paid
for the performance of such duty by the railway com-
pany ; that in pursuing Solsburgh, and arresting him
for an offense committed in his presence, he was simply
performing a duty as a public officer, and one for which
he was especially employed, at a stipulated salary. It
is against the policy of the law to permit a public officer
to receive a reward for doing that which it is his duty
by law to do. *Keck v. Merry,* 23 Mo. 72. This case
has never been criticised in this state since it has been
rendered. It was referred to approvingly in 52 Mo.,
page 403, and must be considered the settled law of this
state ; especially as it is in accord with the great weight
of authority. *Railroad v. Grafton,* 11 S. W. Rep.
( Ark.) 702 ; *Pool v. City of Boston,* 5 Cush. 220 ;
*Davis v. Burns,* 5 Allen, 352 ; *Means v. Hendershot,*
24 Iowa, 79 ; *Warner v. Grace,* 14 Minn. 489 ; *Day v.
Ins. Co.,* 16 Minn. 408 ; *Austin v. Supervisors,* 24 Wis.
279 ; *Preston v. Bacon,* 4 Conn. 479 ; *Smith v. Smith,* 1
Barley, 71 ; *Smith v. Whilden,* 10 Pa. St. 40 ; *Ring v.
Devlin,* 32 N. W. Rep. ( Wis.) 121 ; *Stamper v. Temple,*
6 Hamph. 113 ; *Stamper v. Temple,* 53 Barb. 387 ; *Hayden
v. Songer,* 56 Ind. 42 ; *Gilmore v. Lewis,* 12 Ohio, 281 ;
*Marking v. Needy,* 8 Bush. 22. It follows that the case
should be reversed.

*G. W. Barnett*, for respondent.

The fact that plaintiff was a special policeman, acting in concert with a great many special policemen, employed by defendant to protect its property, does not prevent plaintiff from recovering this reward, if the terms of such reward and the place and circumstances of its publication are such as to show that it was intended to apply to such officers and employes, as well as to others; and especially is this so if plaintiff, in reliance on such offer of reward, performed services not required of him in his employment, and continued such services long after his employment and his official character ceased. *Davis v. Munson*, 43 Vt. 676; s. c., 5 Am. Rep. 315; *Russell v. Bartlett*, 44 Vt. 170; *Means v. Hendershot*, 24 Iowa, 78; *England v. Davidson*, 3 P. & D. 594; *Neville v. Kelly*, C. B. N. 5, 740; *Pilie v. New Orleans*, 19 La. Ann. 274; *Gregg v. Pierce*, 53 Barb. 387. The case of *Keck v. Merry*, 23 Mo. 72, has no application to the facts in this case. That was a case where a special contract was made with the officer to pay him something in addition to his legal fees for making an arrest, and the contract was held void; but it is different where an officer, without a warrant, and relying upon a general reward, discovers, arrests and secures the conviction of an offender.

SMITH, P. J.—On April 1, 1886, defendant offered "a reward of three hundred dollars for the arrest and conviction, or for information leading to the arrest and conviction, of each of the persons who have destroyed or injured the property of said company in the * * * city of Sedalia or elsewhere in the state of Missouri since March 5, 1886, and the sum of two hundred dollars will be paid for the arrest and conviction, or for information leading to the arrest and conviction, of each person or persons who have agreed, conspired, combined or confederated with any person or persons to destroy or

injure property of said company in the state of Missouri since March 5, 1886."

The plaintiff brought suit to recover three hundred dollars for securing the arrest and conviction of Ole Solsburgh, who was on April 3, 1886, discovered by the plaintiff in the act of injuring an engine of defendant standing on one of its tracks in the city of Sedalia. The defendant's answer was a general denial.

Without going into the evidence in detail, or discussing the instructions of the trial court, we think the evidence in the record shows that the plaintiff was, at the time of the arrest of Solsburgh, for the arrest and conviction of whom he claims the reward offered by the defendant, a police officer of the city of Sedalia, who had been there specially detailed to guard the locomotives and other property of defendant against wilful and malicious injuries, and, while thus engaged in the discharge of this special duty, he made or caused to be made the arrest. The defendant was to pay, and did pay, plaintiff two dollars per day for his services during the time he was detailed as such special policeman. He was one of a number of such policemen who had been appointed by the mayor of the city of Sedalia, and detailed for the special service. The question is whether the plaintiff can recover the reward offered by the defendant for an arrest made by him while in the discharge of his duty as special policeman. He had been regularly appointed, sworn in, and bedecked with "the star," the *insignia* of his authority.

He was *pro tempore* a full-fledged police officer, invested with as much power under the law in respect to his special service as if he had been on the regular police force of the city. He admits in his testimony that it was his duty as special policeman to make the arrest.

It is a principle of the common law that an officer ought not to take money for doing his duty. This is an ancient principle, and has been steadily adhered to as

being necessary to save the community from extortion and oppression. *Keck v. Merry*, 23 Mo. 72. *The rewards of officers are established by law.* Their services are to be performed for these legal rewards, and other private rewards for acts which are required from them as *public duties by the laws of their country and the obligations of their stations must be regarded as corrupt and illegal exactions*. *Weaver v. Whitney*, 1 Hop. Ch. 13. It is against public policy to allow a man to recover a reward for doing his duty as a public officer. *Railroad v. Grafton*, 11 S. W. Rep. 702; *Davis v. Burns*, 5 Allen, 352; *Means v. Hendershot*, 24 Iowa, 79. It seems conceded that the plaintiff, in the matter of the arrest of Solsburgh, acted in his official capacity. There is no pretense that the act was done in his quality of private citizen. If it was the duty of the plaintiff as a public officer to make the arrest, with or without a warrant, it would seem that the prohibition of the common-law rule, already stated, would apply with equal force whether the law provided any special compensation for such service or not. We cannot discover how the judgment in this case can stand in the face of the ruling of Judge Scott in *Keck v. Merry*, *supra*. If we could overturn the law, as there settled, we would feel disinclined to do so. It seems to us that to now depart from the salutary principles there declared might tend to open the door to profligacy, chicanery and corruption upon the part of these officers, whose duty it is to discover, pursue and arrest violators of the criminal laws of the state, and it is, therefore, not to be thought of. This case, we think, falls within the mischief of the common-law rule, which prohibits an officer from taking a reward for doing his duty.

This case is in some respects analagous to the case of *Pool v. Boston*, 5 Cush. 219, in that Pool was employed by the city as a watchman, and while engaged in his regular duties under his engagement with the

city he discovered and arrested an incendiary setting fire to a house. He claimed a reward the city had offered for the detection of any incendiary. The court said that the plaintiff, having done what he was hired and paid to do, independent of the reward, could not recover.

In *Davis v. Munson*, 5 Am. Rep. 315, it was said: "This case would be like that one (*Pool v. Boston*) if the plaintiff had been employed by the defendant for a fixed compensation by the day to search for these prisoners. He had thus agreed beforehand upon a fee for his services; he would of course have been limited to a recovery of the stipulated compensation. His time and skill used in detecting the criminals would under such circumstances have been the property of his employer and not his own, and, therefore, would not be the basis of a claim against his employer." The plaintiff in the case at bar, engaged to perform the special duties imposed upon him for a stipulated compensation of two dollars per day, was paid by the defendant under an agreement of indemnity, no doubt, with the city of Sedalia. His time and his skill used in pursuing and arresting Solsburgh, or causing the same to be done, was under the circumstances the property of the city and not his own, and, therefore, he cannot make an act which it was then his duty to perform as such officer the basis of a claim for a private reward. The payment to him of the stipulated *per diem* by the defendant was not different in principle from where a plaintiff advances the fees allowed by law to a clerk or a sheriff for the issue and service of legal process.

We think the test in such cases established by the authorities on the subject is, whether the person was a public officer at the time of the performance of the act for which the private reward or extra compensation is demanded by him, and whether the act was one which it was made his duty by law to perform, with or without

special compensation ; and, if so, then the prohibitory principles of the common law furnish an insurmountable barrier to his right to take or receive the same. The rule rests upon considerations of a high public policy which demands an unerring recognition whenever properly invoked.

As the law of this state devolves upon its prosecuting attorneys, after a criminal has been arrested, the duty to take charge of the prosecution, and as the plaintiff cannot recover for the arrest or the causing thereof for the reasons already stated, we do not think there is any merit in his claim, so far as the subseqent conviction is concerned.

Of course it is not to be understood that what has been said has any application to public or governmental rewards offered for the apprehension of criminals.

The demurrer to the evidence we think should have been sustained. It results that the judgment of the circuit court should be reversed. All concur.