Harrington's Adm'r v. Crawford.

HENRY F. HARRINGTON'S ADMINISTRATOR, Respondent, v. DUGALD CRAWFORD, Appellant.

St. Louis Court of Appeals, February 26, 1895.

**Validity of Bonds of Indemnity:** *Held,* BIGGS, J., *dissenting,* that, when an officer charged with the execution of final legal process takes from the party against whom it is directed a bond to indemnify him for noncompliance with the writ, such bond is against public policy and invalid, though the officer acts in good faith and out of doubt, after diligent inquiry, as to his duty in the premises.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. HARRISON, Judge.

REVERSED AND CERTIFIED TO SUPREME COURT.

*W. B. Homer* for appellant.

The bond sued upon was void as being without any consideration or upon a consideration which was against the law. A sheriff may take a bond to keep himself harmless in doing that which he ought to do, but if he takes a bond to keep himself harmless in doing that which he ought not to do, the bond is void

and against the law. *Blockett.v. Crissop*, 1 Ld. Ray. 278; Murfree on Sheriffs [Ed. 1890], sec. 635*a*; *Cole v. Parker*, 7 Iowa, 167; *Cass Co. v. Beck*, 76 Iowa, 487; *Hodson v. Wilkins*, 7 Maine, 113; *Denson v. Sledge*, 2 Dev. 136; *Griffin v. Hasty*, 94 N. C. 438; *Carroll v. Partridge*, 12 Mo. App. 583; *Buffendeau v. Brooks*, 28 Cal. 641; *Denny v. Lincoln*, 5 Mass. 385; *Greenwood v. Colcock*, 2 Bay (S. C.), 67; *Kirk v. Merry*, 23 Mo. 72; *Thornton v. Railroad*, 42 Mo. App. 58; *Morgan v. Hale*, 12 W. Va. 713; *Webber v. Blount*, 19 Wend. 190; *Millard v. Canfield*, 5 Wend. 61; *Prewett v. Garrett*, 6 Ala. 128; *Ayer v. Hutchins*, 4 Mass. 370; *Love v. Palmer*, 7 Johns. 159; *Porter v. Stapp*, 6 Col. 32.

*E. T. Farish* for respondent.

Rombauer, P. J.—In January, 1885, the circuit court of the city of St. Louis, which had full jurisdiction of the parties and subject-matter, ordered a writ of restitution to issue to Henry F. Harrington, the then sheriff of the city. The writ commanded said Harrington to oust August Zelle, Michael Kinealy and Sarah Watson, from certain premises, and to deliver the possession thereof to the plaintiff in the action. The sheriff found one Mamie Williams in possession, and, having reason to believe that she did not come into possession under either of the defendants, but claimed under a paramount title, he made the following return on the writ:

"I return that I decline to execute this writ by delivering possession thereunder, because I found the premises occupied by Mamie Williams, *alias*, Mamie Moss, not a party defendant nor claiming under them or either defendants, and not in possession of the premises when the suit was instituted."

The plaintiff in the writ thereupon sued the sheriff upon his bond, and in that action such proceedings were had that the court found the sheriff guilty of a breach of official duty, and rendered judgment against him and his sureties for the damages sustained by the plaintiff in the writ.

The present action is brought by the sheriff's administrator upon a bond of indemnity, which Kinealy, one of the defendants in the writ of restitution, had given to the sheriff with his (Kinealy's) wife and the defendant Crawford as his sureties. The bond is conditioned to indemnify the sheriff for all loss or damages, to which he may be subjected by reason of any claim or recovery had against him for or on account of his failure to execute said writ of restitution. The petition states the facts above stated; that the sheriff made diligent inquiry as to the validity of the claim of Mamie Williams, when the writ of restitution came to his hands; that such inquiries left the question in doubt as to whether said Mamie Williams came into possession and claimed under either of said defendants; and that the sheriff took said bond of indemnity in good faith. The petition then alleges that, when the sheriff was sued, he notified the obligors of the bond, Kinealy and Crawford, to defend the suit, but that they failed to do so. Judgment is prayed for the damages which the sheriff was required to pay, and for costs and attorney's fees incurred and paid by him in the defense of said suit.

The answer of the defendant Crawford, among other defenses, set up the following: "That the said acts of the said sheriff set forth in said petition were illegal, against public policy, and wholly void, and that such acts furnished no consideration for the execution and delivery of said obligation so described in said petition, and the same is wholly void."

The cause was tried by the court without a jury, and upon the trial, the foregoing facts appearing, the defendant Crawford asked the court to declare the law that upon the pleadings and evidence the plaintiff could not recover.   The court refused so to declare, and upon the request of the plaintiff declared the law in substance that, if the sheriff acted in good faith, and, after diligent inquiry, was unable to ascertain whether Mamie Williams came into possession and held possession under either of the defendants, or by a paramount title, then the bond taken by the sheriff for not executing the writ was supported by a sufficient consideration, and not opposed to public policy and was a valid bond. The court thereupon found for the plaintiff, and the defendant Crawford appeals from such judgment. The refusal to give the declaration of law asked by the defendant is the substantial error assigned by him on this appeal.

The authorities, from the earliest date, are uniform in holding that a contract to indemnify a sheriff, or other ministerial officer, *for omitting to do that which he ought to do* is void as against public policy.   *Blackett v. Crissap*, 1 Ld. Rd. 278; *Cole, adm'r, v. Parker*, 7 Iowa, 167; *Cass County v. Beck*, 76 Iowa, 487; *Hodsdon, v. Wilkins*, 7 Me. 113; *Buffendeau v. Brooks*, 28 Cal. 641; *Griffin v. Hasty*, 94 N. C. 438; *Millard v. Canfield*, 5 Wend. 61; *Weber v. Blunt*, 19 Wend. 190; *Morgan v. Hale*, 12 W. Va. 713; *Carroll v. Partridge*, 12 Mo. App. 583.

As it often happens that a sheriff, in executing process, is met with opposing claims and has to act at his peril, modern legislation has provided for his indemnity in cases of seizure of personal property. Statutes to that effect exist in this state.   No such indemnity is provided for, where the writ affects the possession of real estate, and, if this be a legislative

omission, courts can not supply it by judicial construction. It is true that indemnity obligations given to officers *to proceed* with the execution of process placed in their hands have been upheld in some of the states on the ground that, the act being one in the furtherance of official duty, the only question which can arise is the sufficiency of the consideration and not its legality or illegality. To that effect are the decisions in *Marsh v. Gold*, 2 Pick. 289; *Long v. Neville*, 36 Cal. 455, and *Commonwealth v. Vandyke*, 57 Pa. St. 34. Whether such a case is distinguishable from *Kick v. Merry*, 23 Mo. 72, followed in *Thornton v. Railroad*, 42 Mo. App. 58, where it was held that a promise of reward offered to a public officer for doing his duty was not supported by a *sufficient* consideration, we need not decide, as here the promise was one held out to the officer for *obstructing* the execution of final process, and such promises have been held uniformly unlawful as tainted with an *illegal* consideration. Murfree on Sheriffs, sec. 635.

Courts have gone to a great extent towards relieving officers placed, without their fault, in a position where, in doubtful cases, they must act at their peril. In *Foster v. Clark*, 19 Pick. 329, which case goes further in that direction than any we have been able to find, an officer was upheld in enforcing the promissory note of a third person given to him to release an attachment on mesne process. The court lays stress upon the fact, that the process was *mesne* process and that the note was that of a *third person*, which might be treated in the nature of a forthcoming obligation, such obligations being always upheld in the law. We have, however, been unable to find any case, which goes to the extent that an obligation can be upheld, which is taken to protect the officer in disobeying the final process of a court from the person against whom

the process is directed.   In holding that such an obligation can be upheld as lawful, provided the officer acted upon a well founded doubt as to the rights of the plaintiff in the writ, the trial court made a dangerous departure from principles recognized as governing the rights and duties of executive officers.   This departure we can not sanction, and hence must reverse the judgment.

As in the opinion of two members of this court, there can be no recovery on the bond sued upon under the conceded facts, the cause will not be remanded. Judgment is reversed.   Judge BOND concurs.   Judge BIGGS is of opinion that the decision of the court is opposed to the decision of the supreme court in *McCartney v. Shepard*, 21 Mo. 573, and hence dissents.   The case will, therefore, be certified to the supreme court for final determination.