HARRINGTON'S ADMINISTRATOR v. CRAWFORD, *Appellant.*

Division Two, December 15, 1896.

**Bond:** INDEMNIFYING OFFICER: PUBLIC POLICY.  A bond indemnifying an officer against loss for omitting to execute final process is against public policy and no recovery can be had thereon.

*Appeal from St. Louis City Circuit Court.*—HON. JOHN A. HARRISON, Judge.

REVERSED.

*Transferred from St. Louis Court of Appeals.*

*W. B. Homer* for appellant..

(1) The bond sued upon was void as being without any consideration or upon a consideration which was against the law.  "A sheriff may take a bond to keep himself harmless in doing that which he ought to do, but if he takes a bond to keep himself harmless in doing that which he ought not to do, the bond is void and against the law." *Blockett v. Crissop,* 1 Ld. Ray. 278; Murfree on Sheriffs [Ed. 1890], sec. 635a, p. 301; *Cole v. Parker,* 7 Iowa, 167; *Cass Co. v. Beck,* 76 Iowa, 487; *Hodson v. Wilkins,* 7 Maine, 113; *Denson v. Sledge,* 2 Dev. 136; *Griffin v. Hasty,* 94 N. C. 438; *Carroll v. Partridge,* 12 Mo. App. 583; *Buffendeau v. Brooks,* 28 Cal. 641; *Denny v. Lincoln,* 5 Mass. 385; *Greenwood v. Colcock,* 2 Bay (S. C.), 67; *Kirk v. Merry,* 23 Mo. 72; *Thornton v. Mo. Pacific Railroad,* 42 Mo. App. 58; *Morgan v. Hale,* 12 W. Va. 713; *Webber v. Blount,* 19 Wend. 190; *Millard v. Canfield,* 5 Wend. 61; *Prewett v. Garrett,* 6 Ala. 128; *Ayer v. Hutchins,* 4 Mass. 370; *Love v. Palmer,* 7 Johns. 159; *Porter v. Stapp,* 6 Col.

32. (2) There is in this case no question of indemnity of a past illegal act. Plaintiff's own testimony is fully to the effect that the agreement was made to refuse to execute the writ upon Kinealy's promise to furnish bond. Bond was furnished and the writ was returned unexecuted. (3) The action of the sheriff in returning said execution unexecuted and declining to execute the same in accordance with the agreement with said Kinealy was illegal. *State ex rel. v. Harrington*, 41 Mo. App. 439; *State ex rel. v. Harrington*, 44 Mo. App. 297. (4) Plaintiff can not recover whenever it is necessary for him to show as a part of his cause of action his own illegal transaction. *Parsons v. Randolph*, 21 Mo. App. 353; *Buckingham v. Fitch*, 18 Mo. App. 99; *Welch v. Wesson*, 6 Gray, 505; *Harrison v. McCluney*, 34 Mo. App. 489; *White v. Bass*, 3 Cush. 448; *Sprague v. Rooney*, 104 Mo. 359. (5) The sheriff should look to the plaintiff alone for directions as to the manner of serving the writ, and all the directions of the plaintiff should be obeyed. Freeman on Executions, secs. 108, 472; *State ex rel. v. Harrington*, 44 Mo. App. 300.

*E. T. Farish* for respondent.

(1) A distinction is to be drawn between cases where a bond of indemnity is given to induce an act which is a palpable wrong and plainly a breach of duty, and cases where there is doubt and uncertainty as to the duty of the officer, and the bond is taken in good faith as indemnity against loss or damage which may accrue to such officer. The authorities make such distinction, and hold that where his duty is not plain and manifest, but where under the law and the facts his duty is doubtful, there is no impropriety in the officer taking indemnity against the result of an unfortunate choice. And that such indemnity so taken is not ille-

gal, or void as against public policy.    Murfee on Official Bonds, sec. 385; Chitty on Contracts, p. 678; *Stark v. Raney*, 18 Cal. 622; *Wolfe v. McClure*, 79 Ill. 564; *Anderson v. Farnes*, 7 Blackf. (Ind.) 343; *Forniquet v. Tegarden*, 24 Miss. 96; *Mays v. Joseph*, 34 Ohio St. 22; *Miller v. Rhodes*, 20 Ohio St. 494; *David v. Arledge*, 3 Hill (S. C.), 179; *Jameison v. Calhoun*, 2 Spear (S. C.), 19; *Commonwealth v. Vandyke*, 57 Pa. St. 34; *Marsh v. Cold*, 2 Pick. 289; *Train v. Gold*, 5 Pick. 379; *Stanton v. McMullon*, 7 Ill. App. 326; *McCartney v. Shephard*, 21 Mo. 573; *Carroll v. Partridge*, 12 Mo. App. 583; *Foster v. Clark*, 19 Pick. 329.    (2) Chitty, in his work on contracts, page 526, says: "An engagement to indemnify a sheriff in the execution of a lawful or apparently legal act is good, and indemnity bonds given to him in cases of disputed property in goods and given to induce him to execute or not to execute a *fieri facias* against such goods, are clearly lawful," citing: *Arundel v. Gardinor*, Cro. Jac. 652; *Blackett v. Crissop*, 1 Ld. Raym. 279; 4 Mass. 63; 2 Pick. 289–290; 7 Blackford, 343; 1 Little, 273.    And the cases of *Foster v. Clark*, 19 Pick. 329; *Kemper v. Kemper*, 3 Rand. (Va.) 8.

BURGESS, J.—This cause was transferred to the supreme court from the St. Louis court of appeals because of the dissent of one of the members of that court from the opinion filed therein.    See *infra* and 61 Mo. App. 221.    We approve that opinion, and in accordance therewith affirm the judgment of that court reversing the judgment of the circuit court.    GANTT, P. J., and SHERWOOD, J., concur.

### OPINION OF ST. LOUIS COURT OF APPEALS.

ROMBAUER, P. J.—In January, 1885, the circuit court of the city of St. Louis, which had full jurisdiction of the parties and subject-matter, ordered a writ

of restitution to issue to Henry F. Harrington, the then sheriff of the city.   The writ commanded said Harring-
ton to oust August Zelle, Michael Kinealy, and Sarah Watson from certain premises, and to deliver the pos-
session thereof to the plaintiff in the action.   The sheriff found one Mamie Williams in possession, and having reason to believe that she did not come into possession under either of the defendants, but claimed under a paramount title, he made the following return on the writ:

"I return that I decline to execute this writ by delivering possession thereunder, because I found the premises occupied by Mamie Williams, *alias* Mamie Moss, not a party defendant, nor claiming under them or either defendants, and not in possession of the prem-
ises when the suit was instituted."

The plaintiff in the writ thereupon sued the sheriff upon his bond, and in that action such proceedings were had that the court found the sheriff guilty of a breach of official duty and rendered judgment against him and his sureties for the damages sustained by the plaintiff in the writ.

The present action is brought by the sheriff's ad-
ministrator upon a bond of indemnity, which Kinealy, one of the defendants in the writ of restitution, had given to the sheriff, with his (Kinealy's) wife and the defendant Crawford as his sureties.   The bond is con-
ditioned to indemnify the sheriff for all loss or damages to which he may be subjected by reasons of any claim or recovery had against him for, or on account of, his failure to execute said writ of restitution.   The petition states the facts above stated; that the sheriff made diligent inquiry as to the validity of the claim of Mamie Williams when the writ of restitution came to his hands; that such inquiries left the question in doubt as to whether said Mamie Williams came into possession and

claimed under either of said defendants; and that the sheriff took said bond of indemnity in good faith.    The petition then alleges that when the sheriff was sued he notified the obligors of the bond, Kinealy and Crawford, to defend the suit, but they failed to do so.    Judgment is prayed for the damages which the sheriff was required to pay, and for costs and attorney's fees incurred and paid by him in the defense of said suit.

The answer of the defendant, Crawford, among other defenses, set up the following:    "That the said acts of the said sheriff set forth in said petition were illegal, against public policy, and wholly void, and that such acts furnished no consideration for the execution and delivery of said obligation so described in said petition, and the same is wholly void."

The cause was tried, by the court without a jury, and upon the trial the foregoing facts appearing, the defendant, Crawford, asked the court to declare the law that, upon the pleadings and evidence, the plaintiff could not recover.    The court refused so to declare, and upon the request of the plaintiff declared the law in substance that if the sheriff acted in good faith, and after diligent inquiry was unable to ascertain whether Mamie Williams came into possession and held possession under either of the defendants, or by a paramount title, then the bond taken by the sheriff for not executing the writ was supported by a sufficient consideration, and not opposed to public policy and was a valid bond.    The court thereupon found for the plaintiff and the defendant Crawford appeals from such judgment.

The refusal to give the declaration of law asked by the defendant is the substantial error assigned by him on this appeal.

The authorities from the earliest date are uniform in holding that a contract to indemnify a sheriff or

other ministerial officer *for omitting to do that which he ought to do*, is void as against public policy. *Blackett v. Crissop*, 1 Ld. Rd. 278; *Cole, Adm'r, v. Parker*, 7 Iowa, 167; *Cass County v. Beck*, 76 Iowa, 437; *Hodsdon v. Wilkins*, 7 Me. 113; *Buffendeau v. Brooks*, 28 Cal. 641; *Griffin v. Hasty*, 94 N. C. 438; *Millard v. Canfield*, 5 Wend. 61; *Weber v. Blunt*, 19 Wend. 190; *Morgan v. Hale*, 12 W. Va. 713; *Carroll v. Partridge*, 12 Mo. App. 583.

As it often happens that a sheriff in executing process is met with opposing claims, and has to act at his peril, modern legislation has provided for his indemnity in cases of seizure of personal property. Statutes to that effect exist in this state. No such indemnity is provided for where the writ affects the possession of real estate, and if this be a legislative omission, courts can not supply it by judicial construction. It is true that indemnity obligations given to officers *to proceed* with the execution of process placed in their hands have been upheld in some of the states, on the ground that the act being one in the furtherance of official duty the only question which can arise is the sufficiency of the consideration, and not its legality or illegality. To that effect are the decisions in *Marsh v. Gold*, 2 Pick. 289; *Long v. Neville*, 36 Cal. 455, and *Commonwealth v. Vandyke*, 57 Pa. St. 34. Whether such a case is distinguishable from *Kick v. Merry*, 23 Mo. 72, followed in *Thornton v. Railroad*, 42 Mo. App. 58, where it was held that a promise of reward offered to a public officer for *doing* his duty was not supported by a *sufficient* consideration, we need not decide, as here the promise was one held out to the officer for obstructing the execution of final process, and such promises have been held uniformly unlawful as tainted with an *illegal* consideration. Murfree on Sheriffs, sec. 635.

Courts have gone to a great extent toward relieving officers placed, without their fault, in a position where in doubtful cases they must act at their peril. In *Foster v. Clark*, 19 Pick. 329, which case goes further in that direction than any we have been able to find, an officer was upheld in enforcing the promissory note of a third person given to him to release an attachment on *mesne* process. The court lays stress upon the fact that the process was *mesne* process and that the note was that of a *third person*, which might be treated in the nature of a forthcoming obligation, such obligations being always upheld in the law. We have, however, been unable to find any case, which goes to the extent that an obligation taken to protect the officer in disobeying the final process of a court, from the person against whom the process is directed, can be upheld. In holding that such an obligation can be upheld as lawful, provided the officer acted upon a well founded doubt as to the rights of the plaintiff in the writ, the trial court made a dangerous departure from principles recognized as governing the rights and duties of executive officers. This departure we can not sanction, and hence must reverse the judgment.

As in the opinion of two members of this court there can be no recovery on the bond sued upon under the conceded facts, the cause will not be remanded. Judgment reversed. Judge BOND concurs; Judge BIGGS is of opinion that the decision of the court is opposed to the decision of the supreme court in *McCartney v. Shepard*, 21 Mo. 573, and hence dissents. The case will therefore be certified to the supreme court for final determination.