A. P. JOHNSON, Respondent, v. W. S. RAGSDALE,
Appellant.

**St. Louis Court of Appeals, February 15, 1898.**

**Bond, Indemnifying:** ILLEGAL CONSIDERATION: PUBLIC POLICY. An
indemnifying bond taken by a constable to indemnify him against an
act of disobedience in refusing to permit an execution debtor to exer-
cise his right of selection of property exempt under the statute, is
founded upon an illegal consideration, and void as against public pol-
icy.  *Harrington v. Crawford*, 136 Mo. 467.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

REVERSED.

*Edmonston & Cullen* for appellant.

The contract sued on is based upon an illegal con-
sideration, contrary to public policy, and void.  *Har-
rington v. Crawford*, 61 Mo. 221; *Same v. Same*, 136 *Id.*
467; *State to use v. Romer*, 44 *Id.* 99; *Robards v. Sam-
uel*, 17 *Id.* 555; *Carroll v. Pastridge*, 12 Mo. App. 583;
*Thornton v. R. R.*, 42 Mo. 58; *Kich v. Merry*, 23 *Id.*
72; *Kribben v. Haycraft*, 26 *Id.* 396; *Lucas v. Allen*, 80
Ky. 681; *Wommock v. Loran*, 8 C. L. J. 332; *O'Hara
v. Carpenter*, 23 Mich. 410; *Caton v. Stewart*, 76 N.
Car. 357; *Buckingham v. Fitch*, 18 Mo. App. 91; *Par-
sons v. Randolph*, 21 *Id.* 353; *Sprague v. Rooney*, 104
Mo. 349; *Goodyear v. Brown*, 20 L. R. A. 838; *Bucklin
v. Hennason*, 16 *Id.* 423; *Richardson v. Buhl*, 6 *Id.*
457; *R'y v. Classer*, 9 *Id.* 754; *Kirkpatrick v. Clark*, 8
*Id.* 511; *Youngblood v. Trust Co.*, 20 *Id.* 85.

*F. R. Jessee* and *O. Hitt* for respondent.

*McCartney v. Shepard*, 21 Mo. 573, is decisive of this case. See, also, 10 Am. and Eng. Ency. Law, 420, *et seq.* notes; *Griffiths v. Hardenburg*, 41 N. Y. 468; *Davis v. Arledge*, 30 Am. Dic. 360; *Stanton v. McMullen*, 7 Ill. App. 326; *Wolfe v. McClure*, 79 Ill. 564; *Mayes v. Joseph*, 34 Ohio St. 22; *Train v. Gold*, 22 Mass. 380; *Marsh v. Gold*, 19 *Id.* 285; *Forniquet v. Tegarden*, 24 Miss. 96; *Miller v. Rhoads*, 20 Ohio St. 494; *Davis v. Arledge*, 3 Hill (S. Car.) 170; *Stevens v. Bransford*, 6 Leigh. (Va.) 246.

BOND, J.—The plaintiff constable levied an execution for $21.20 and costs in favor of defendant against H. O. Craig on a bay mare colt belonging to the latter. He was thereupon notified that the defendant in the execution claimed said colt as exempt. Plaintiff took an indemnifying bond from defendant and sold said property under the execution in his hands. The execution debtor recovered judgment against plaintiff for $43.60 damages, and $183.55 costs, which were paid by plaintiff, and defendant having refused repayment plaintiff brought the present action upon the bond of indemnity. There was a judgment for plaintiff and defendant appealed.

It is insisted by appellant that no recovery can be had herein for the reason that the bond in suit was executed upon an illegal consideration and is void as against public policy. No rule is better settled than that a contract which offends public policy can not be enforced. There is some variety in the decisions applying this rule to indemnifying bonds given to public officers, owing to the nature of the act which the bond purports to protect, whether it be one in furtherance of service

INDEMNIFYING
bond: illegal
consideration:
public policy.

of process, or one in disobedience of a legal mandate. If it be of the latter character, the bond given to secure its performance is void. *Harrington v. Crawford*, 136 Mo. 467, and citations. If it be of the former character, a few of the cases have upheld the engagement. If the view expressed in these can be sustained, it must be rested upon some essential distinction (difficult to be perceived) between acts of commission and omission, where each is contrary to law, the one being an illegal performance, and the other being an illegal nonperformance. The case at bar under its peculiar facts can not be brought within the class of cases sustaining the validity of indemnity bonds to ministerial officers. Here the admission of plaintiff is that he knew defendant in the execution was the head of a family, and hence entitled to the exemptions as such given by law, and although there is some evidence that, in defendant's absence, plaintiff had set off certain exemptions, yet plaintiff further admits that when the defendant in the execution returned he gave notice of his selection of the property seized as exempt and made claim thereto. When that was done it became the imperative duty of the plaintiff officer to afford the claimant an opportunity to exercise his authority right of selection of certain property as exempt. R. S. 1889, sec. 4906. In refusing to permit this, plaintiff refused to perform a known legal duty. The bond taken to indemnify him for this act of disobedience was therefore founded on an illegal consideration and void under the plainest principles of public policy. This was emphatically declared by the supreme court in the case of *Harrington v. Crawford, supra.* The case of *McCartney v. Shepard*, 21 Mo. 573, if it has survived the decision in the *Harrington* case, is distinguishable from the one under review by an essential and pivotal fact.

In the *McCartney* case the court found no evidence

that the officer who had taken the indemnity for his levy, was aware that the defendant in the execution in his hands was the head of a family. Indeed the evidence disclosed that the officer was informed to the contrary by the obligor in the indemnity bond. The ruling in that case may be supported on the ground that the officer was engaged in the *bona fide* discharge of a public duty with no knowledge of any *facts* to the contrary. In the case before us the officer confesses that he knew the *facts* which made it his legal duty to protect the exemption rights of the claimant, and notwithstanding such knowledge took the bond in suit for the purpose of saving himself harmless for violating the duty cast upon him by statute to refrain from seizing property exempt in the hands of the defendant in the process. The only conclusion which can be applied to the facts in this record is that the bond so given can not be enforced. The judgment herein is reversed. All concur.