SCOTT *against* SHAW.

*Where a de-*
*fendant has been*
*taken under a*
*ca. sa. and dis-*
*charged from*
*custody on the*
*ground that no*
*previous fi. fa.*
*had been issued*
*on the judg-*
*ment, (there be-*
*ing special bail*
*in the action)*
*the sheriff is,*
*notwithstanding,*
*entitled to*
*poundage; as he*
*has incurred the*
*risk of being*
*made liable for*
*an escape, in an*
*action for which*
*he could not*
*have availed*
*himself of the*
*irregularity as*
*a defence.*
*And it makes*
*no difference*
*that the defend-*
*ant after his dis-*
*chargeconfessed*
*a new judgment*
*to the plaintiff*
*for the amount*
*of the former*
*judgment, on*
*which satisfac-*
*tion was enter-*
*ed, and that a*
*ca. sa. having*
*been regularly*
*issued on the*
*second judg-*
*ment, the sheriff*
*had been paid*
*his poundage*
*thereon.*

IN this case, the question submitted to the court, without ar-
gument, was, whether *Simon Fleet*, late sheriff of the city and
county of *New-York*, was entitled to poundage on the *ca. sa.*
issued in this cause, under the following circumstances :

The plaintiff having recovered a judgment against the defend-
ant in this cause, in which special bail had been filed, his at-
torney inadvertently issued a *ca. sa.*, when no *fi. fa.* had been
previously issued and returned, pursuant to the proviso in the
7th section of the " Act concerning judgments and executions,"
(sess. 36. c. 50. 1. *N. R. L.* 502.) The defendant having been
arrested on the *ca. sa.* was, in consequence of the irregularity,
discharged from custody, but without paying any fees. It being
apprehended that the discharge might be deemed an extinguish-
ment of the judgment, the defendant confessed a new judgment
in favour of the plaintiff for precisely the same amount as the
former one, and satisfaction of the first judgment was entered
on record *pro forma*, but no payment or satisfaction was actu-
ally received, it being so expressed in the satisfaction piece,
which was special. Upon this new judgment a *fi. fa.* and *ca.*
*sa.* were afterwards regularly issued, and upon the second *ca.*
*sa.* the defendant was again arrested and taken into custody.
The sheriff received his full poundage and other fees upon
the second *ca. sa.*, and claimed poundage and other fees upon the
first *ca. sa.*; his claim to caption and gaol fees was admitted,
but the demand of poundage resisted.

SPENCER, J., delivered the opinion of the court.
The act prohibiting the issuing a *ca. sa.* (1. *N. R. L.* 502.)
upon judgments rendered in actions wherein special bail has
been filed, until after a *fi. fa.* does not render a *ca. sa.* issued
before a *fi. fa.* void; it is only voidable at the instance of the
party against whom it is thus issued. The sheriff certainly in-
curred the risk of liability for an escape on the first *ca. sa.*, for
he could not set up, in an action against him for an escape, that
the *ca. sa.* had issued irregularly ; the sheriff, therefore, gained
a perfect title to his poundage, unaffected by the subsequent dis-
charge of the prisoner. It is no answer to the sheriff's claim

for poundage, that he has received poundage upon another judgment between the same parties, and for the same original debt; it is, legally speaking, a new debt, as far as the sheriff is concerned. The allowance of poundage is for the risk incurred, and that risk is in proportion to the amount of the sum to be levied, and as the sheriff was exposed to two risks, he is entitled to the poundage on both executions.