## ROBERT SHOTWELL *vs.* SAMUEL HAMBLIN.

An agreement to indemnify a sheriff for an act to be done by him in plain violation of his official duty, is invalid; but such an agreement, in the case of a disputed right, is lawful.

A sheriff levied money under several executions against one Porter. S., who controlled some of the executions, claimed payment in full, which was refused by the sheriff, on the ground that other executions were entitled to priority of payment. At length, in order to induce the sheriff to pay him in full, S. executed a bond of indemnity to secure the sheriff against all loss, and thereby obtain the money he claimed. The sheriff was afterwards compelled to pay a large sum to creditors whose executions were older than those of S., and thereupon sued S. upon the bond of indemnity; *held*, that the contract of indemnity was valid.

A sheriff cannot be permitted to contradict his own return; but if he sells property for a sum specified in his return, and does not actually receive the money, but an execution creditor, who is himself the purchaser, receipts for the whole or a part of his bid as money, — the parties at the time regarding that as a payment, — the sheriff will be allowed to prove how the facts really were, in a contest between himself and the purchaser. Especially will this be allowed in a case where the return does not set forth a payment of the money.

A bill of exceptions, taken in one suit, cannot be read in another. Its only

Shotwell *v.* Hamblin.

proper use is to enable the appellate court to revise the proceedings of the inferior tribunal.

A party who has introduced the whole of a record as evidence, cannot afterwards object to the use of any part of it by his adversary.

In civil cases, it is too late after verdict to object to the jury that have sat in the trial of a case after they have rendered their verdict, because they have not been regularly summoned on the *venire*, or as talesmen from the bystanders, or because the *venire facias* had not been regularly drawn from the box.

In error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

*This* was an action of assumpsit brought by Hamblin against Shotwell, and the first and second counts set out that Hamblin, as sheriff of Madison county, had sundry executions in his hands against D. M. Porter, one of which was in favor of Foster & Eastin, and the others in the names of divers persons, but in fact for the benefit of Shotwell; that Hamblin made on said executions about $12,000, and Shotwell agreed, in consideration that Hamblin would pay over and appropriate the money in satisfaction of the execution in his favor, or for his benefit, that he would save harmless and indemnify Hamblin from all damages, loss, or injury which he should sustain by reason of such appropriation; that the said Hamblin thereupon appropriated the money to Shotwell's executions; that Foster & Eastin, whose executions were older than the others, made a motion against him, (Hamblin,) and his securities, and recovered a judgment for $4484.97, with interest, and twenty-five per cent. damages and costs against Hamblin and securities; that said Hamblin had to pay the amount of judgment in favor of said Foster & Eastin.

Shotwell in the court below filed various pleas to plaintiff's declaration, and upon the trial of the cause before the jury, asked of the court thirteen instructions on points of law to the jury, all of which were refused by the court. The jury found a verdict in favor of Hamblin, from which decision, after making a motion for a new trial, which was overruled by the court, Shotwell prayed a writ of error to this court.

*George Calhoun*, for appellant, filed an elaborate brief, reviewing the whole case at much length.

*Miles & Battaile*, on the same side.

*Handy & Lamson*, for appellee.

Mr. Justice CLAYTON delivered the opinion of the court.

This case grows out of an alleged indemnity, between the plaintiff in error and the defendant, as sheriff of Madison county. Hamblin had in his hands various executions against David M. Porter, returnable at the same time, under which he had taken a good deal of property, and sold it for a large sum of money. Shotwell owned, or had the control of several of these executions, but Hamblin refused to pay him on the ground that others were entitled to priority. To induce him to pay, Shotwell agreed to indemnify him against all loss, if he would appropriate the money first in satisfaction of his claims. Under this agreement he did so, and Foster & Eastin, whose execution in his hands was founded upon a judgment older than those of Shotwell, subsequently obtained judgment against Hamblin and his sureties for the amount of their execution and costs. This judgment was affirmed in this court. 4 S. & M. 139. The amount was paid by Hamblin, and the present suit was brought on the contract of indemnity to recover of Shotwell. Judgment was rendered against Shotwell in the court below for $9107.04, and the case thence comes to this court.

To the two first counts in the declaration, setting forth the contract of indemnity, there was a demurrer; and it is now insisted that it should have been sustained, because it was made to induce a violation of duty on the part of the sheriff.

The law on this subject is plain, but its application is not always equally clear. An agreement to indemnify a sheriff for an act to be done by him in plain violation of his duty, is invalid. But in case of a disputed right in goods, bonds of indemnity given to induce a levy upon the goods are clearly lawful. Chitty on Con. 526.

The question in this case then is, Was the act of the sheriff a plain violation of his duty, or was there a dispute as to what his duty was? In the first place it is in proof that the money, the proceeds of the sale, was claimed by Shotwell, and that the sheriff denied his right to it. That Shotwell called a second time, and had an interview with Hamblin at his office, and that then, in consideration of the contract of indemnity, the sheriff agreed to pay him the money. This contract was valid. There was a dispute or contest about the appropriation of the money; Shotwell was a party to the contest; to carry his end, he agreed to indemnify the sheriff, and neither good morals, nor just policy, nor sound law requires that such contract should be declared void. The cases relied on in argument, do not come up to this point. This disposes of the demurrer.

The next error assigned is the admission of the testimony of Allen, a deputy sheriff, because it contradicted the return made on the execution of Foster & Eastin. The return in substance states, " The within personal property was sold to Robert Shotwell, and the real estate was sold to Robert Shotwell and James S. Ewing, but none of the proceeds of the sale applied to this execution, from the fact of no affidavit having been filed, as to the insolvency of the first indorser on the execution." The witness stated, that whilst the property sold for upwards of $9000, in point of fact only some $800 were paid by Shotwell, and that in the settlement between Shotwell and Hamblin, the balance was retained by Shotwell, and receipted for by him on the executions which he controlled.

It is true, that a sheriff is not permitted to contradict his own return. *Planters Bank* v. *Walker*, 3 S. & M. 421. But in this case, does the evidence of Allen contradict the return? We think not. If the parties chose to regard the settlement as a payment, and to dispense with the formality of handing the money over, and again handing it back, we see no objection to it. Hamblin has been forced to stand to it as a payment by Foster & Eastin ; the parties at the time considered it a payment; in legal effect it amounted to a payment, and

the statement, therefore, does not contradict the purport of the return. The return, moreover, does not say, that the money was paid, only that the property was sold; and hence there is in terms no express opposition between them.

A receipt may be explained by parol, and even contradicted in the same way. *Gasquet* v. *Warren,* 2 S. & M. 514.

It has been decided by this court, that a bill of exceptions cannot be read in evidence in another suit; its only proper use being to enable the appellate court to revise the proceedings of the inferior tribunal. *Robinson's Ex'r* v. *Garrit Lane,* 14 S. & M. 161. See also 2 Phil. Ev. 181, 182, notes. It was not error, therefore, to exclude it, when offered by the plaintiff in error. But as the record containing the bill of exceptions had been previously introduced by Hamblin, it was competent to Shotwell to refer to, and rely on any part of it. The plaintiff could not, after introducing the whole as evidence, object to the use of any part of it by the defendant.

It was, moreover, erroneous, to permit the witness, Allen, to contradict the return on the execution of Harris, Kelly & Co. *v.* Porter, that certain property had been sold under the *venire exponas.* Having so returned the fact, he could not afterwards contradict it by proof.

As to the instructions given on the part of Hamblin, after a careful examination, we see no error in them. The action of the court below, in regard to most of those asked by the counsel of Shotwell, requires no comment, because deemed correct.

The tenth relates to the admissibility of evidence to contradict the return, of which we have already said enough.

The eleventh is very much the same with the tenth, and is subject to the same answer, with the additional remark, that its latter part is inapplicable, unless it were shown that the money there referred to arose from property levied on and sold under the execution of Foster & Eastin. *Bibb, use &c.* v. *Jones,* 7 How. 402.

The twelfth was improperly refused. See Hutch. Code, 910.

The thirteenth ought not to have been given, and was properly refused, as it stood. Hamblin was not chargeable

with the $1765 therein mentioned, if the application made of it by him was made with the approbation or consent of Shotwell.

As to the weight of testimony, we need only say, that there is no such preponderance against the verdict as would authorize this court to interfere with it.

It has already been decided by this court that, in civil cases, objections to the jury, of the character here made, come too late after verdict.

If there be any variance between the declaration and the evidence, the plaintiff can, at his pleasure, amend after the cause gets back into the circuit court.

For the reasons already assigned, the judgment will be reversed, and the cause remanded for a new trial.

Judgment reversed.