### TOWN OF STONINGTON *vs.* JOHN D. POWERS.

A prisoner was convicted before a justice of the peace of an offense for which the fine imposed was payable to the treasurer of the town, and a mittimus was issued committing him to the county jail until the fine and costs were paid. On his way to the jail in the custody of the officer he executed with a surety, and delivered to the officer, a note payable on demand to the treasurer of the town for the amount of the fine and costs, and thereupon the officer discharged him from custody. The selectmen of the town subsequently approved the act of the officer and received from him the note. In a suit brought by the town upon the note it was held—1. That there was a valid consideration for the note. 2. That it was not void on grounds of public policy.

ASSUMPSIT on a promissory note, brought to the Superior Court in New London County. The following facts were found by the court.

The defendant was convicted on the 15th day of March, 1859, before a justice of the peace of the town of Stonington, upon a grandjuror's complaint charging him in seven counts with selling intoxicating liquors contrary to law. The justice found him guilty on all the counts and sentenced him to pay a fine of twenty dollars on each, to the treasurer of the town of Stonington, together with the costs of prosecution taxed at $43.48, and ordered that he stand committed until the judgment was performed. On the 18th.of March, the fine and costs not being paid, the justice issued a mittimus committing the defendant to the county jail to be kept until he paid the

fine and costs.  On his way to the jail in the custody of the officer under the mittimus the defendant executed the note upon which the present suit is brought, and delivered the same to the officer, who thereupon discharged him from custody.  The note was for $191.73, payable on demand to the treasurer of the town of Stonington, and was executed jointly and severally by the defendant and one Warren Palmer.  The officer delivered the note to the treasurer of the town.  At the time the officer took the note he had received no authority to take the same and to discharge the prisoner, but his acts in so doing were subsequently approved by the selectmen of the town.  After the delivery of the note the defendant acknowledged his liability upon it and repeatedly promised to pay it.  The amount of the note included the costs on the mittimus.

Upon these facts the case was reserved for the advice of this court.

*Sheffield* and *Waller*, for the plaintiffs.

1.  The defendant was under a legal obligation to pay the fine and costs to the treasurer of the town of Stonington, and this obligation was a sufficient consideration for his promise to do so.  *Cook* v. *Bradley*, 7 Conn., 57 ; 1 Parsons on Contracts, 369.  The officer released the defendant, as appears by his return on the mittimus.  This was also a sufficient consideration for his promise to pay the fine and costs. *Sugars* v. *Brinkworth*, 4 Campb., 46.

2.  The officer who received the note was acting as the agent of the town, although without authority at the time of action; yet the town ratified his action, and this ratification was equivalent to a prior authority.  1 Swift Dig., 328 ; 1 Parsons on Cont., 44.

3.  There is nothing against public policy in this transaction.  Notes taken by officers in payment of fines and costs, sometimes payable to the party to whom the fines and costs belong, and sometimes payable to themselves, have always been held to be good and valid notes.  *Pilkington* v. *Green*, 2 Bos. & P., 151 ; *Sugars* v. *Brinkworth*, 4 Campb., 46.  When

a prisoner promises to pay costs voluntarily, and no improper use of legal authority is exercised in obtaining the promise, such promise is binding upon him. *Beeley* v. *Wingfield*, 11 East, 46.

*Converse* and *Brandegee*, for the defendant.

1. The note was without consideration, and consequently void. Gen. Statutes, 291, secs. 262, 263; id., 292, sec. 268; id., 645, sec. 86; id., 695, secs. 17, 19; 1 Swift Dig., 191, 207; Smith on Contracts, 173; 1 Wheaton's Selwyn, 53; *Garnett* v. *Kirkman*, 33 Miss., 389; *Martin* v. *Black's Exr.*, 20 Ala., 309.

2. The contract is opposed to sound principles of public policy, and is therefore void. 3 Saunders Pl. & Ev., 200; 1 Story Eq. Jur., § 296.; 1 Parsons on Cont., 366; *Gray* v. *Hook*, 4 N. York, 449; *Bell* v. *Leggett*, 7 id., 176; *Moseley* v. *Moseley*, 15 id., 334; *Barton* v. *Port Jackson Plank Road Co.*, 17 Barb., 397; *Churchill* v. *Perkins*, 5 Mass., 541; *Denny* v. *Lincoln*, id., 385; *Ayer* v. *Hutchins*, 4 id., 370; *Dixon* v. *Olmstead*, 9 Verm., 316; *Hooker* v. *Vandewater*, 4 Denio, 349; *Wetherell* v. *Jones*, 3 Barn. & Adol., 225; *Pitcher* v. *Bailey*, 8 East, 171.

3. As to what may be considered a contravention of public policy. Story on Cont., § 546; 2 Saunders Pl. & Ev., 203; 1 Swift Dig., 217; 2 Kent Com., 466; *Nichols* v. *Mudgett*, 32 Verm., 546; *Meacham* v. *Dow*, id., 721; *Sharp* v. *Wright*, 35 Barb., 236; *Harris* v. *Roof's Exrs.*, 10 id., 489; Gen. Statutes, p. 292, sec. 265. And the following cases, where the question raised in this case was considered and decided upon a note given under precisely similar circumstances, which was declared void as contravening public policy. *Kingsbury* v. *Ellis*, 4 Cush., 578; *Bills* v. *Comstock*, 12 Met., 468.

4. If the contract was void on either of the grounds claimed above, no subsequent promise by the defendant or ratification of the officer's doings by the town could validate it.

FOSTER, J. The note on which this action is brought was given in payment of a fine and costs imposed on the defend-

ant, Powers, by a justice court, for a violation of sundry provisions of the act relating to spirituous liquors. The facts are detailed by the judge who tried the cause below, and reserved the question as to what judgment should be rendered for the advice of this court.

Payment of this note is resisted mainly on two grounds. 1. That it was without consideration; and 2. That such a contract is contrary to the principles of sound policy, and therefore void.

It cannot, we think, be truly said that there was no consideration for this note. The imposition on the defendant, Powers, by a court of competent jurisdiction, of a fine and costs for a violation of law, created a legal obligation to pay, and a legal obligation to do a thing furnishes a sufficient consideration for a promise to do it. Besides, Powers was in the custody of the officer and was about to be committed to jail; on giving this note he was discharged; it procured him his release. Any benefit to the party promising is a good consideration; what benefit is greater than liberty to one who is deprived of it?

If there is any infirmity in the plaintiff's case, sufficient to defeat a recovery, it is because the contract is void as contrary to the principles of sound policy. This point has been pressed upon us by the defendant's counsel with great ingenuity and ability, and many authorities have been cited to sustain their position.

The cases most analagous to the case at bar, which are cited on the part of the defendant, and on which most reliance seems to be placed, are the cases of *Kingsbury* v. *Ellis*, 4 Cush., 578, and *Bills* v. *Comstock*, 12 Met., 468. Notes were given in these cases for the payment of fine and costs, and the court held them void as contrary to sound policy. Each of these cases is distinguishable from the case before us in several material particulars.

The fine and costs in this case belonged to this plaintiff, the town of Stonington. Gen. Statutes, page 291, sec. 262, and page 297, sec. 295. Had the defendant been committed to jail for the non-payment of this fine and cost, he might, under certain circumstances, have been released by the State

Attorney, he taking his note therefor with security for the payment, if such security could be obtained. Gen. Statutes, page 292, sec. 268. The officer appears to have acted in entire good faith, and took this note, with a surety whose responsibility is not questioned; and the town approved and ratified the act.

It is conceded that the officer would have been bound to discharge his prisoner had he tendered payment of the fine and costs. Now, instead of offering bank notes or legal tender notes, he offered this note, payable presently. We think it would be going too far to hold this note, under all these circumstances, void, as being a contract contrary to sound policy. We think sound policy requires us to sustain it as a valid note. The rule that an executive officer should make service, according to its tenor, of a lawful precept put in his hands, is, no doubt, a salutary one. We are not disposed to relax it. Every officer who varies from his precept acts at his peril. In this case we think the precept was substantially executed, and many cases might be cited to show that this was a good and valid note. *Beeley* v. *Wingfield*, 11 East, 46; *Sugars* v. *Brinkworth*, 4 Campb., 46; *Pilkington* v. *Green*, 2 Bos. & Pul., 151; *Kirk* v. *Strickwood*, 4 Barn. & Adol., 421; *S. C.*, 1 Nev. & Man., 275.

In *Pilkington* v. *Green*, which was an action on a note given under circumstances almost identical with those detailed in this case, the same defence was interposed; the plaintiff obtained a verdict and it was allowed to stand. Lord Eldon said—" The note, having been accepted by those who were interested in it, has a sufficient consideration to support it." In *Sugars* v. *Brinkworth*, very similar in its character to the case on trial, the plaintiff recovered. Lord Ellenborough said—" I will look to such a transaction with extreme jealousy, but the party to whom indulgence has been laudably extended is not to evade his engagements by attempting to criminate his benefactor."

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.