· WILLIAM L. HOWE *vs.* SOLOMON FREIDHEIM and another.

October 26, 1880.

**Bond of Indemnity — Breach of Condition.** — F. (plaintiff in an execution against H.) and another executed and delivered to P., an officer, in whose hands the execution had been placed, an indemnifying bond, "conditioned that if the said F. shall save the said P. harmless from any and all damages and costs occasioned to him by the levy of said execution, then this obligation to be void; otherwise, of force." H. having recovered a judgment for damages against P. on account of the levy, and taken out execution, H. and P. entered into an arrangement, the result of which was a discharge of his judgment by H., and an assignment of the bond to H. by P., each (the discharge and assignment) in consideration of the other. *Held,* that the condition of the bond is broken, and that H. may maintain an action upon it.

Appeal by plaintiff from a judgment of the district court for Rice county, where the action was tried by *Buckham,* J., a jury being waived.

*Geò. N. Baxter,* for appellant.

*Perkins & Whipple,* for respondent.

BERRY, J. Paddleford was a policeman of the city of Northfield, with authority to levy executions issued from a justice of the peace. A justice's execution was put into his hands against Howe. Before levying the same he took an indemnifying bond executed by defendant Freidheim (the execution plaintiff) as principal, and defendant Henderson as surety, which, after reciting the placing of the execution in his hands, is conditioned "that if the said Freidheim shall save the said Paddleford harmless from any and all damages and costs occasioned to him by the levy of said execution, then this obligation to be void; otherwise, of force." Paddleford having levied the execution upon property claimed by Howe to be exempt, Howe brought an action against him, in which he (Howe) recovered judgment for an amount exceeding the penalty of the bond. Upon this judgment execution was issued against Paddleford, and thereupon an arrangement was entered into between him and Howe, the substantial result of which

was a discharge of his judgment by Howe, and an assignment of the bond to Howe by Paddleford, each (the discharge and the assignment) in consideration of the other.

The effect of this transaction is that Paddleford has paid the judgment recovered against him on account of his levy, by parting with the bond—a thing of value. To the extent of that value he has suffered and paid, in the words of the bond, "damages and costs occasioned to him by the levy of said execution." This feature of the case clearly distinguishes it from *Weller* v. *Eames*, 15 Minn. 461. See *White* v. *French*, 15 Gray, 339. It follows that the condition of the bond is broken, and that plaintiff, as Paddleford's assignee, has a right of action upon it.

The judgment is accordingly reversed, and the case remanded, with directions to enter judgment for the plaintiff in accordance with the views herein expressed.