## AMATO v. JACOBUS.

(Circuit Court of Appeals, Second Circuit. November 17, 1893.)

MARSHAL'S FEES AND POUNDAGE.

   Where, in the southern district of New York, an execution irregularly issued by plaintiff's attorney, is stayed after levy, and subsequently vacated by order of court, the marshal is entitled to fees for levying, but not to poundage, for under Code Civil Proc. N. Y. § 3307, subd. 7, poundage depends upon the collection of the execution. The court may, however, in its discretion, under such section, allow the marshal compensation for his trouble and expenses in caring for the property levied upon.

In Error to the Circuit Court of the United States for the Southern District of New York.

At Law. Action by Dominick Amato against the Northern Pacific Railroad Company, in which, on May 28, 1891, judgment was entered in favor of plaintiff for the sum of $4,033.76, after a trial before a jury, defendant's motion for a new trial having been denied. 46 Fed. 561. On June 3, 1891, an execution was issued thereunder, and delivered to the marshal, who levied upon and took into his possession certain property of defendant. The execution was subsequently stayed, and on July 14, 1891, was set aside, under Rev. St. § 1007, as being improperly issued within 10 days after the entry of the judgment, the defect appearing upon the face of the execution. The judgment was affirmed by the circuit court of appeals, (49 Fed. 881, 1 C. C. A. 468, 1 U. S. App. 113,) and finally by the supreme court, (12 Sup. Ct. 740, 144 U. S. 465.) The final judgment of affirmance was entered June 4, 1892. Thereupon new executions were issued. In taxing the marshal's bill of costs the clerk allowed him fees and poundage under the first execution, which was set aside by the court, and such taxation was affirmed by the circuit court, and a motion by plaintiff for payment to his attorney of money collected by the marshal under the last execution was denied. Plaintiff brings error to review the order of the circuit court. Reversed.

Roger Foster, for plaintiff in error.

Robert D. Benedict, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. We agree with the court below that, as between the plaintiff in the execution and the marshal, the latter is entitled to the same fees and poundage which he would have been entitled to if the execution had not been irregularly issued. Having taken out the process, and directed the marshal to execute it, decency and common honesty forbid him to repudiate the payment of any fees earned by the marshal in obedience to his instructions when the process was vacated at the motion of the judgment debtor. We are unable, however, to find any sanction for the marshal's claim for poundage. That claim rests on the provisions of the state law, (section 829, Rev. St. U. S.,) and cannot be enforced unless that law (Code Civil Proc. § 3307, subd. 7) would au-

thorize a claim for poundage by a sheriff of the state. By the Code, as formerly by the Revised Statutes, (2 Rev. St. p. 645, § 38,) a sheriff is entitled to poundage only upon the amount collected by virtue of the execution, except where a settlement is made between the parties after levy, when the poundage is upon the value of the property levied upon, not exceeding the sum at which settlement is made. It is the settled construction of these provisions by the highest court of the state that the right to poundage depends upon the collection of the execution, and is not created by any services rendered in executing the process previously. Campbell v. Cothran, 56 N. Y. 279; Flack v. State, 95 N. Y. 471. In the latter case the court of appeals, speaking of the change introduced in the pre-existing law by section 38 of the Revised Statutes, say that the right to poundage is "thereby made to turn upon the performance by the sheriff of the final act to be done in the course of the service of the execution." The case of Scott v. Shaw, cited in behalf of the marshal's claim, (13 Johns. 378,) is not in point, because it arose when the state statute gave poundage as a part of the fees for the service of the execution, and not, as now, upon the collection of the execution. If the marshal had been prevented from collecting the execution by the interference of the plaintiff or his attorney with the course of enforcing the process, undoubtedly he would be entitled to compensation for the poundage he would have otherwise earned. This is not such a case, but it is one where an execution, which was irregularly issued by the plaintiff's attorney, was vacated after a levy by an order of the court. Such a case is within the spirit, and fairly within the meaning, of the provision of the Code, which authorizes the court having control of the process to allow the officer compensation for his trouble and expenses in taking care of and preserving property where execution is stayed after a levy.

The order appealed from, so far as it affirms the marshal's claim for poundage, is erroneous. So far as it allows him the other fees charged, it is correct. It is for the circuit court, and not for this court, to determine whether an allowance should be made to the marshal for his trouble and expenses in taking care of and preserving the property.

The order is reversed, with costs, and with instructions to the court below to make such further order as of right and justice should be made.