KLOCK v. PACK.

1. Bonds—Consideration—Public Policy—Garnishment.

 A bond given to a garnishee pending judgment in the principal suit, to indemnify him against harm and damage resulting from the immediate payment to the plaintiffs therein of a portion of a fund which, according to his disclosure in the case, he holds as trustee for the principal defendant, is not void on the ground of public policy.

2. Same—Condition—When Broken.

 The obligors in such bond ( the garnishment plaintiffs) failed to establish their claim against the principal defendant, and the latter obtained a judgment against the trustee for the amount paid over. The bond was thereupon assigned to the principal defendant under an agreement that the sum realized thereon should be applied upon the judgment. *Held*, that there was a conditional payment of the judgment, constituting "harm and damage" within the meaning of the instrument.

Error to Wayne; Lillibridge, J. Submitted February 11, 1897. Decided May 25, 1897.

*Assumpsit* by Margaret L. Klock, executrix of the estate of Monroe Klock, deceased, for the use of Burnham, Stoepel & Co., against Albert Pack, impleaded with C. W. Richardson and James McNamara, survivor of himself and John C. Shields, deceased, upon an indemnity bond. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*J. B. Tuttle*, for appellant.

*Elliott G. Stevenson*, for appellee.

Montgomery, J. This is an action upon a bond executed by Shields & McNamara as principals, and C. W. Richardson and defendant Pack as sureties. The obligee

in the bond was Monroe Klock. The facts in the case are, briefly, these: Klock held in his hands a fund derived from the sale of goods belonging to the firm of W. A. Soule & Co., upon a mortgage executed to Klock as trustee. A part of the indebtedness secured by the mortgage was a claim of Burnham, Stoepel & Co., and the fund in the hands of Klock would, but for the interference of Shields & McNamara, have been payable to Burnham, Stoepel & Co. Shields & McNamara brought an action against Burnham, Stoepel & Co., claiming that Burnham, Stoepel & Co. were indebted to them in the sum of $400, and at the same time sued out a writ of garnishment directed to Klock, which was duly served upon him. Klock made disclosure, showing that he had funds in his hands and under his control belonging to Burnham, Stoepel & Co., to the amount of $1,900. The bond in question was given. It recites that this money is in the hands of Klock, and payable to Burnham, Stoepel & Co., of Detroit, and that "*whereas*, said principals above named have and bring a claim against Burnham, Stoepel & Co. for legal services, and have instituted a suit for the recovery of the same against said last-named firm, and have served a writ of garnishment upon said Monroe Klock, which suit is now pending; and *whereas*, said principals are desirous that the said Klock shall pay to them of the money so garnished the sum of $400, agreeing to save him harmless by reason of his so doing." This was followed by a condition to "save and keep and bear harmless the said Monroe Klock in the premises of and from all harm and damage by reason of paying to them the said sum of $400." Shields & McNamara failed to prosecute their suit to effect. Burnham, Stoepel & Co. thereupon filed a bill in the Wayne circuit court in chancery to compel Klock to account to them for the amount due them, including the amount so paid to Shields & McNamara, with interest thereon to the date of the decree. Klock having deceased, and plaintiff having been appointed as his executrix, she executed an assign-

ment to Burnham, Stoepel & Co. of all right, title, and interest of the estate of Monroe Klock in, to, or under the bond aforesaid, and authorized them to bring suit and enforce collection for the amount due thereon, either in their own name or in the name and behalf of the estate, any sum realized upon the bond to apply upon the amount due from said estate to Burnham, Stoepel & Co. On the trial, these facts appearing, the learned circuit judge directed a verdict for the plaintiff. Defendant brings error.

Two grounds of error are alleged:

*First.* That the transaction is void on grounds of public policy.

*Second.* That it does not appear that either Klock or his executrix has been damaged, for the reason that the judgment has not been paid.

1. The ground of defense chiefly relied upon in the court below is that the transaction is void on grounds of public policy. It is undoubtedly true, as contended by defendant's counsel, that a bond conditioned to save harmless the obligee from the consequences of an unlawful act is void. The case chiefly relied upon by defendant's counsel, and which is said by him to be on all fours with the present case, is *Buffendeau* v. *Brooks*, 28 Cal. 641. In that case an injunction had been issued restraining the sheriff from selling certain property. Of this the sheriff had notice. A bond was given to indemnify him from any loss by reason of his proceeding to violate this injunction. It was said that the sale involved a willful and apparently deliberate disobedience to public authority, and it was held that an action could not be maintained upon the bond. That is clearly not this case. The payment to Shields & McNamara violated no statute. 3 How. Stat. § 8058, provides that the garnishee shall pay no money to the principal defendant after service of the writ. This enactment is for the protection of the plaintiff. It does not, in terms, preclude payment to the plaintiff,

and it cannot be said that Klock violated the mandate of the court in paying the money as he did.

It is urged with much force that the payment of the money to Shields & McNamara was in violation of the duty of Klock as trustee. The situation was peculiar. Upon the service of the notice it became impossible for Klock to make payment to the principal defendant with safety. Must the garnishee hold the fund during the litigation, or may he in good faith turn it over to the one claiming that he will ultimately entitle himself to it, and take indemnity? As Shields & McNamara, the principals in the bond, put the case to Klock, they had a claim against Burnham, Stoepel & Co., and had instituted proceedings to recover it. Klock had been charged as garnishee. If Shields & McNamara made their claim good, *as they asserted it*, the money would never become due to Burnham, Stoepel & Co., and the payment by Klock to Shields & McNamara would violate no trust, but would simply anticipate the payment which he would ultimately be required to make by order of the court. We do not think that under these circumstances any principle of public policy was violated, assuming the facts to be as by the terms of the bond they were represented to Klock by the principals therein, of which terms of the bond the sureties, of course, must be held to have had notice.

2. It is contended that the condition of the bond has not been broken, for the reason that it does not appear that the judgment has been paid. It appears, however, that judgment had been obtained, and that this bond was assigned to pay the judgment when realized on. This was a conditional payment. The executrix parted with the bond for that purpose, and the case is, we think, within the principle of *White* v. *French*, 15 Gray, 339, and *Howe* v. *Freidheim*, 27 Minn. 294.

It is suggested that this assignment to Burnham, Stoepel & Co. was not alleged in the declaration. The

112 MICH.—43.

only objection which appears in the record to the testimony is that defendant's counsel objected to the introduction of the same item by item, and paragraph by paragraph, as the same was being read to the court, upon the ground that it was incompetent to introduce any proof which would in any way add to, take from, or in any way modify or change, the language or legal effect of the bond declared upon; and also upon the ground that said testimony was incompetent, irrelevant, and immaterial under the pleadings in the case. It does not appear that the distinct point now urged was made. If it had been called to the attention of the court, an amendment might have been, and indeed should have been, allowed, and we think the judgment should not be reversed on any such alleged infirmity.

Judgment affirmed.

The other Justices concurred.