## RAY *v.* McDEVITT.

SHERIFFS—EXECUTION—FAILURE TO LEVY—BOND OF INDEMNITY—
PUBLIC POLICY.

A sheriff having an execution in his hands was notified by the attorney of the judgment debtors that the execution was void, and not to levy, and such debtors executed a bond to indemnify the sheriff against loss or damage for failing to levy. The validity of the execution depended on a new statute, which had not been construed by the court, and the sheriff was in honest doubt as to his right to levy. *Held,* that the taking of the bond was not against public policy, nor in contravention of any statute, and, the sheriff's bondsmen having been compelled to pay the amount of the execution, their assignee might recover on the bond of indemnity. HOOKER, J., dissenting.

Error to Jackson; Peck, J. Submitted October 2, 1900. Decided May 7, 1901. Rehearing denied June 17, 1901.

*Assumpsit* by Pitts B. Ray against John McDevitt and Edward C. Morrissey on an indemnity bond. From a judgment for plaintiff, defendants bring error. Affirmed.

*Charles A. Blair* (*Richard Price*, of counsel), for appellants.

*Wilson & Cobb*, for appellee.

LONG, J. Plaintiff brought this action as assignee of Charles C. Bloomfield, Theodore A. King, and Henrietta Watts, administratrix of the estate of John W. Watts, deceased, against the defendants, upon a bond of indemnity. The declaration alleges substantially:

1. The filing of an official bond by Mark H. Ray, as sheriff of Jackson county, with Charles C. Bloomfield, Theodore A. King, and John W. Watts as sureties.

2. The recovery by Zenas R. Wright, in the Jackson circuit court, of a judgment against Will Beach, John McDevitt, and Edward C. Morrissey, which judgment was on October 10, 1890, affirmed by the Supreme Court. *Wright* v. *Beach*, 82 Mich. 469 (46 N. W. 673).

3. The issuing of an execution upon such judgment, and delivery of the same to said Mark H. Ray, sheriff, wherein and whereby he was commanded that out of the goods and chattels of said Will Beach, John McDevitt, and Edward C. Morrissey, defendants, and for want thereof then of their lands and tenements, he should cause to be made the said damages and costs aforesaid.

4. That McDevitt and Morrissey, claiming that said judgment was against them as sureties on Beach's appeal bond, and that the execution was void as against them because the same was not issued seasonably, and within 30 days from the time when the same was legally issuable, notified the sheriff not to levy the same, and, for the pur-

pose of avoiding a levy and testing the legality of the execution, gave to the sheriff an indemnity bond, which, after reciting the facts leading up to and including the delivery of the bond to the sheriff, reads as follows:

"*Whereas*, no property belonging to said defendant [Beach] can be found within said county, and said John McDevitt and Edward C. Morrissey, through their attorney, Richard Price, have notified Ray that he must not levy said execution upon the property of said sureties, because of the fact that the same issued more than 30 days from the time when the same was legally issuable, and the said sureties desire to test the legal right of said plaintiff to cause said execution to be levied upon their property:

"*Therefore*, the conditions of this obligation are such that, if the said John McDevitt and Edward C. Morrissey shall well and truly keep and bear harmless and indemnify the said Mark H. Ray of and from all harm, let, trouble, damage, costs, suits, actions, judgments, and executions that shall or may at any time arise, come, or be brought against him for refusing to levy said execution upon the property of said sureties, then this obligation to be void; otherwise of force."

5. That, upon the execution and delivery of said bond, said Mark H. Ray, sheriff, returned said execution to said circuit court without having made the levy thereunder, and without collecting the damages and costs aforesaid, or any part thereof.

6. That said sheriff, Mark H. Ray, died; and after his death an action was brought against the sureties on his official bond, which, on the death of Watts, one of said sureties, was revived against Bloomfield and King, and judgment rendered against them in the Supreme Court. *Wright* v. *King*, 107 Mich. 660 (65 N. W. 556).

7. That execution was issued on the last judgment, the amount of which was paid by Bloomfield, and Bloomfield and King became subrogated to all the rights of Sheriff Ray under the indemnity bond.

8. That plaintiff reimbursed Bloomfield, and Bloomfield, King, and Henrietta Watts, administratrix of the estate of John W. Watts, assigned all their rights under said bond of indemnity to plaintiff.

9. That, by reason of the premises, plaintiff became entitled to maintain an action on said bond of indemnity against defendants for the recovery of the amount paid by him on said assignment.

The declaration also contains the common counts, but all claim under these counts was waived; and the right to recover based upon the special count.

Defendants demurred to this declaration on the grounds:

1. That the agreement to indemnify was illegal and void, as having for its object a violation of the public duty of the sheriff.

2. That the circuit court had no jurisdiction of the action.

3. That the agreement was not assignable in the manner set forth in the declaration, and plaintiff had no right of action thereon.

The demurrer was overruled in the court below, and judgment rendered for the plaintiff on said special count. Defendants bring error.

It is the claim of the defendants that the bond declared upon is void both at common law and under the Michigan statutes. A number of authorities are cited by counsel to sustain the proposition that an agreement by a third party to indemnify an officer for neglecting his duty in the service of process, being founded on an illegal consideration, is void at the common law. It is claimed, on the other hand, by counsel for plaintiff, that this case differs from those cited, in that the parties who entered into the agreement are the debtors, or parties against whom the execution in the hands of the sheriff ran, and that they were directly interested in preventing a levy upon their property. It is also contended by counsel for plaintiff that the cases cited by counsel as directly affecting the action of the sheriff relate to *capias*, or other process, by which the sheriff was directed to take the body of the debtor in execution; that the acts in these cases were violations of the statutes which relate to the taking of the body of the debtor. The cases relied upon by defendants' counsel are:

*Hodsdon* v. *Wilkins,* 7 Greenl. 113 (20 Am. Dec. 347);
*Webbers' Ex'rs* v. *Blunt,* 19 Wend. 188 (32 Am. Dec.
445); *Placket* v. *Gresham,* 3 Salk. 75; *Scott* v. *Shaw,*
13 Johns. 378; *Denny* v. *Lincoln,* 5 Mass. 385; *Hinman*
v. *Brees,* 13 Johns. 529; *Goodale* v. *Holridge,* 2 Johns.
193; *Packard* v. *Tisdale,* 50 Me. 376.

In most of these cases the illegal act complained of
against the sheriff relates to his act in releasing a body
execution, and it is well settled that in such cases the act is
illegal and void as against public policy. We think, how-
ever, the rule is not strictly confined to cases where the
sheriff has been directed to take the body of the debtor in
execution. In the case of *Buffendeau* v. *Brooks,* 28
Cal. 641, a bond taken by the sheriff to indemnify him
from loss or damage by reason of his proceeding with the
sale of certain goods and chattels was held void. The
proofs in that case show, however, that, at the time the
bond was delivered to the sheriff, he had notice that the
judgment he was about to enforce by a sale of the chattels
under the execution had been discharged by process of
law, and also that an injunction was out against New, the
plaintiff, restraining the sale. The sheriff, upon taking
the bond of indemnity, proceeded with the sale notwith-
standing the injunction of the court. The bond was held
void by reason of the unlawful act of the sheriff in violat-
ing the injunction. The case was referred to by this
court in *Klock* v. *Pack,* 112 Mich. 670 (71 N. W. 461),
and in that case it was held that a bond given to a gar-
nishee pending judgment in the principal suit, to indem-
nify him against harm and damage resulting from the
immediate payment to the plaintiffs therein of a portion of
a fund which, according to his disclosure in the case, he
held as trustee for the principal defendant, was not void
on the ground of public policy. The case was distin-
guished from the case of *Buffendeau* v. *Brooks, supra.*

We think the present case is plainly distinguishable
from the cases cited by defendants' counsel. Here the
bond was taken at the request of counsel for these very

defendants.  The case is not like one where the sheriff
holds an execution by which he is directed to take the
body of the debtor, or where he is proceeding in violation
of an injunction, or some other order of the court.  It
appears here that the sheriff was impressed with the idea,
conveyed to him by Mr. Price, the attorney for the sure-
ties, that the execution had been improvidently issued.
Had that contention been sustained by this court, it would
have appeared at once that the sheriff had no right to
make the levy.  There is no doubt but that all the parties
were acting in good faith at the time, as no construction
had then been given to that statute.  We think it must be
held, under these circumstances, that the taking of the
bond was not against public policy, and was not in con-
travention of any statute of this State.  This was not an
illegal act, and the bond was given upon sufficient consid-
eration to entitle the plaintiff under his assignment to
maintain his action thereon.

The judgment below must be affirmed.

MOORE, J., concurred with LONG, J.

GRANT, J.  I concur in the conclusion reached by my
Brother LONG.  The general rule is conceded that a bond
of indemnity, taken by a sheriff to indemnify him for
willful neglect of duty in the service of process of the
court, is founded on an illegal consideration, and is void
as against public policy, both at common law and under
the statute of this State.  3 Comp. Laws 1897, § 11332.
To be void under the statute, and to subject the
officer to the penalty therein provided, the neglect or
refusal must be willful.  It is also conceded that there are
many cases where such acts are not held void as against
public policy, and where such bonds of indemnity are
sustained.  When a party seeks to take advantage of his
own act and of the act of an officer, done at his request and
for his benefit, at his urgent solicitation and at the advice
of his attorney, who is an officer of the court, the act done
must be clearly shown to be "injurious to the public, or

against the public good." It was said in *Richardson* v. *Mellish*, 2 Bing. 229:

"It [public policy] is a very unruly horse, and when once you get astride it you never know where it will carry you. It may lead you from the sound law. It is never argued at all but when other points fail."

Such a horse must be ridden with great care and discrimination.

The learned counsel for the appellants concede that there are exceptions to the rule. They say:

"We are aware that an exception exists to the rule in that class of cases where the act indemnified against is apparently right, and in the furtherance of a legal claim, and the party committing the act is ignorant of the fact that he is doing wrong; the distinction being that, if the act threatened or agreed to be done is known at the time to be wrongful, an express promise to indemnify is illegal, but, if this is not known at the time, and the act is seemingly lawful, the bond of indemnity is valid."

Mr. Price, who was the attorney for these defendants in the suit in which the execution was issued, advised the sheriff that the execution was void. The question had never been decided. It was doubtful. The court below held with the contention of Mr. Price, but that decision was reversed in this court. How can Mr. Price now contend that the "act indemnified against was not apparently right, and in the furtherance of a legal claim?" The sheriff was not a lawyer; Mr. Price was. Mr. Price informed the sheriff that he would be liable in damages if he made the levy. He was willing, therefore, under the advice of Mr. Price, to take a bond which would protect him, and also would insure the collection of the plaintiff's claim, if the court should decide against Price's contention. I think the case is clearly within the following decisions: *Shotwell* v. *Hamblin*, 23 Miss. 156 (55 Am. Dec. 83); *Gleason* v. *Briggs*, 28 Vt. 135; *Randle* v. *Harris*, 6 Yerg. 508; *County of Strafford* v. *Jackson*, 14 N. H. 16; *Town of Stonington* v. *Powers*, 37 Conn.

439; *Joyce* v. *Williams*, Tayl. (N. C.) 27; *Foster* v. *Clark*, 19 Pick. 329. The sheriff acted in entire good faith, and so undoubtedly did these defendants and their attorney, Price. There has been no willful misconduct or bad faith on the part of any one, unless it has been on the part of these defendants in now trying to avoid the consequences of the kindly act of the sheriff to benefit them. I think the case is clearly within the exception, and not within the rule.

MONTGOMERY, C. J., concurred with GRANT, J.

HOOKER, J. (*dissenting*). In my opinion, a sheriff who contracts with an execution debtor to omit service of his execution, and does omit to serve it accordingly, is guilty of malfeasance in office; and it is as true when the writ is a *fieri facias* as it is in the case of a *capias ad satisfaciendum*. The contract is admittedly illegal and void in the latter case, and there is no difference in principle. Where parties make an illegal contract, the law declines to enforce it, leaving the parties where it finds them. This case is not changed by the fact that one of the parties has profited by the arrangement. That is usually the case. *Anderson* v. *Farns*, 7 Blackf. 343; *Greathouse* v. *Dunlap*, 3 McLean, 303 (Fed. Cas. No. 5,742); *Page* v. *Trufant*, 2 Mass. 159 (3 Am. Dec. 41); 1 Wait, Act. & Def. 683, 699, and cases cited. I think that it is against public policy for an officer to take a bond from his execution debtor to indemnify him for omitting to make a lawful levy which the law and his writ command him to make, and the question of good faith is not involved. The illegality of a promise to omit a duty does not depend upon the officer's good or bad faith. There may be no moral turpitude involved, but the law forbids such contracts, and they are void.

In *Blackett* v. *Crissop*, 1 Ld. Raym. 278, it was held that, if the sheriff take a bond or promise to keep him harmless in the doing of a lawful act, it is good; but, if it

be in the doing of that which he ought not to do, the bond is void.

In *Stotesbury* v. *Smith*, 2 Burrow, 924, a sheriff accepted bail upon the promise by the debtor to pay him six and one-half guineas.   *Held*, that the promise to pay was void upon the ground that it was an illegal contract.

In *Denson* v. *Sledge*, 2 Dev. 136, a promise to indemnify a sheriff for neglecting to levy a *fi. fa.*, or for postponing his execution, was said to be bad; but that, if it had been a bond to indemnify the sheriff for levying a *fi. fa.* against A. upon goods in the possession of B., it would have been good.

In the case of *James* v. *Hendree's Adm'r*, 34 Ala. 488, the defendant was warned to work on the highway.   Another made an agreement with him to indemnify him against prosecution for his default if he would refuse to perform the work.   The contract was held illegal, as the duty to work upon the highway was cast upon him by law.

In *Cole* v. *Parker*, 7 Iowa, 167 (71 Am. Dec. 439), a bond taken to induce an officer to omit the levy of an execution was held to be void.   It was therefore held that it could not be made valid by adoption by the execution plaintiff.

In *County of Cass* v. *Beck & Co.*, 76 Iowa, 487 (41 N. W. 200), it was held that abandonment of proceedings to collect a tax by distress upon a promise to pay was based upon an illegal consideration, and the promise was void.

In *Kenworthy* v. *Stringer*, 27 Ind. 498, a sheriff released a prisoner convicted of riot upon the promise of and offer to pay his fine.   The contract was held to be illegal, and it could not be enforced.

In *Commissioners of Lake Fork Special Drainage Dist.* v. *People*, 138 Ill. 87 (27 N. E. 857), an agreement for a consideration not to tax land of one outside of the district was held void.   See, also, *Penn* v. *Bornman*, 102 Ill. 523.

In the case of *Hodsdon* v. *Wilkins*, 7 Greenl. 113 (20 Am. Dec. 347), a sheriff admitted that he might have arrested an execution debtor on execution, but, relying upon his promise to see him harmless, allowed the execution to run down. The contract was held to be illegal and void.

In *Barnes* v. *Jackson*, 2 Sneed, 416, a contract to hold up an execution if the defendant would pay the officer's commissions was held to be void.

In *Millard* v. *Canfield*, 5 Wend. 61, security taken by the arresting officer for the appearance of the defendant was held void. See, also, *Scott* v. *Shaw*, 13 Johns. 378.

In *Webbers' Ex'rs* v. *Blunt*, 19 Wend. 188 (32 Am. Dec. 445), it was held:

"A promise to a sheriff to indemnify him against all damages to which he may be subjected in consequence of discharging from custody a third person, whom he has arrested on legal process, is *void*, as taken *colore officii*, although the sheriff was induced to grant the discharge upon a false representation of the promisor that the debt, to enforce the payment of which the process had issued, had been satisfied."

The court said further:

"A willful disobedience, even to the civil process, of the court, is such an abuse as would not only subject the sheriff to punishment as for a contempt, but to an indictment. It is a violation of his oath of office. The question is whether he could escape such a consequence because some one tells him that there is somewhere a secret vice in the line of proceedings by which the writ may be avoided. Would any court listen to such a defense for a moment?"

In *Harrington's Adm'r* v. *Crawford*, 61 Mo. App. 221, it was held that a bond indemnifying a sheriff against loss for omitting to do that which it is his duty to do — as to execute final process — is void, as against public policy, and no recovery can be had thereon.

In *Prewitt* v. *Garrett*, 6 Ala. 128 (41 Am. Dec. 40), it was held that a bond given by an execution defendant to the sheriff to save him harmless for omitting to levy an

execution on the property of a stranger to the judgment was illegal and void.

We are cited to several cases as supporting the proposition that such security taken *bona fide* is not void. An examination of those cases shows very few of them in point. In the case of *Shotwell* v.. *Hamblin*, 23 Miss. 156 (55 Am. Dec. 83), an action of *assumpsit* was brought by an officer upon the promise by an execution creditor to indemnify him against other execution creditors if he would pay over and appropriate the money in satisfaction of his execution, to the exclusion of others, upon a claim of priority. The court said:

"An agreement to indemnify a sheriff for an act to be done by him in plain violation of his duty is invalid; but, in case of a disputed right in goods, bonds of indemnity, given to induce a levy upon the goods, are clearly lawful.'

The court held that the act was not in plain violation of his duty, and authority is cited.

In the case of *County of Strafford* v. *Jackson*, 14 N. H. 16, a prisoner gave his note for the amount of the fine and costs in accordance with an order made by the judge. It was held that this was within the power of the judge.

In the case of *Town of Stonington* v. *Powers*, 37 Conn. 439, an officer on his way to jail with a prisoner accepted his note, payable to the town, for the amount of the fine, and released him. The fine was payable to the town, and the town approved the action of the officer, and accepted the note. It was held that the note was not void.

The cases of *Randle* v. *Harris*, 6 Yerg. 508, *Joyce* v. *Williams*, Tayl. (N. C.) 27, and *Foster* v. *Clark*, 19 Pick. 329, may perhaps be said to sustain plaintiff's contention. All of them, however, seem to be cases of first impression, no authorities being cited in support of them. Of the latter it was said in the case of *Harrington's Adm'r* v. *Crawford, supra:*

"In *Foster* v. *Clark*, 19 Pick. 329, which case goes further in that direction than any we have been able to find, an officer was upheld in enforcing the promissory note of a third person given to him to release an attachment on *mesne* process. The court lays stress upon the fact that the process was *mesne* process, and that the note was that of a third person, which might be treated in the nature of a forthcoming obligation, such obligations being always upheld in the law. We have, however, been unable to find any case which goes to the extent that an obligation can be upheld which is taken to protect the officer in disobeying the final process of a court from the person against whom the process is directed. In holding that such an obligation can be upheld as lawful, provided the officer acted upon a well-founded doubt as to the rights of the plaintiff in the writ, the trial court made a dangerous departure from principles recognized as governing the rights and duties of executive officers. This departure we cannot sanction, and hence must reverse the judgment."

The judgment should be reversed, with costs.

## ON MOTION FOR REHEARING.

GRANT, J. In the application for rehearing it is claimed that the language used in the opinion written by me reflects upon the conduct of Mr. Price. Lest such an inference may be drawn from the language used, it is just to Mr. Price to state that he did not attack the validity of the bond, either in the court below or in this court, but confined his argument to the other two causes of demurrer. The attack made upon the validity of the bond was made by the other counsel.

Motion for rehearing denied.

The other Justices concurred.